**Alvin BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12835.

Court of Civil Appeals of Texas, Austin.

July 26, 1978.

Rehearing Denied Aug. 30, 1978.

Ray Fisher, Fisher & Ashby, Austin, for appellant.

James L. McMurtry, County Atty., B. Neal Stokey, Asst. County Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

This is an involuntary commitment case in which the State sought to have appellant involuntarily committed to a mental hospital for a period not exceeding ninety days under authority of the Texas Mental Health Code.[1]

Trial was to the court which found that appellant was mentally ill and required observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others.

Judgment was rendered that appellant be committed to a mental hospital for a period not to exceed ninety days.

We affirm this judgment.

Appellant is before us on a single point of error contending that the court erred in finding that appellant requires observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others and in ordering appellant committed pursuant to said finding, because the evidence presented at the trial was factually insufficient to support the finding and the order. We overrule this point.

Article 5547–38(b) states that:

"If upon the hearing the court finds that the proposed patient is mentally ill and requires observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others, the court shall order that the mentally ill person be committed as a patient for observation and/or treatment in a mental hospital for a period not exceeding ninety (90) days." Acts 1957, 55th Leg., p. 505, ch. 243, § 38.

Here the only witness at the hearing was a medical doctor who testified that in his opinion the appellant was mentally ill, suffering from schizophrenia, paranoid type, and that he was psychotic. He stated that the factual basis for his diagnosis was formed from personal observation of and communication with appellant. The doctor

1. Article 5547, et seq., Vernon's Civil Statutes.

testified that appellant appeared to be disoriented in time, place, and person; that he was not dangerous and that his behavior in an unstructured environment could not be predicted. The doctor further stated that in his opinion appellant required observation and/or treatment in a mental hospital for his own protection.

We hold that under the provisions of Article 5547–38(b), there was sufficient evidence to uphold the judgment.

The judgment of the trial court is affirmed.

Affirmed.