**Jose Raul BARRERA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–365–CR.**

Court of Appeals of Texas, Corpus Christi.

June 9, 1983.

Sam R. Fugate, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J. and UTTER and GON-ZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of burglary of a building. After finding that the appellant had a previous conviction for the offense of aggravated robbery, the trial court assessed punishment at twenty years' confinement in the Texas Department of Corrections.

Appellant's counsel brings a single ground of error complaining of the admission of in-court identification testimony. By pro se brief, the appellant claims he was also a victim of ineffective assistance of counsel.

During the early morning hours of May 25, 1980, while investigating a burglary at the Marcos Perez lumber company in Kingsville, Officer Keith Durham, of the Kingsville Police Department, arrested a suspect inside the building. Officer Durham handcuffed the subject and, after placing him in the back seat of his patrol unit, continued his investigation. The suspect escaped from the car by breaking out one of the rear side windows. After discovering the escape and searching the area unsuccessfully for the subject, Officer Durham returned to the police station to view file photographs. At that time, approximately twenty to thirty minutes after the incident, Durham chose appellant's photograph from over one hundred photos in the Kingsville Police Department files, and told his fellow officers that appellant looked most similar to the suspect he had arrested.

Later that night, Durham heard rumors from other officers to the effect that the appellant had somehow recently sustained a leg wound and would have been unable to run away from the scene of the burglary that night. With this information in mind, the next day, Durham requested to see a photograph of another subject whose likeness had been removed from the file in connection with another burglary case. Upon viewing it, Durham reported that that subject also had similar features to the man he had apprehended in the lumber company. At that time, according to Durham's testimony, he was unable to positively identify either the appellant or the other suspect as involved in the burglary in question.

Still a day later, Durham accompanied other officers to the home of the appellant to arrest him on an outstanding warrant in a collateral matter. Durham said that his presence was requested because one of the officers had received an independent tip linking the appellant to the burglary. According to Durham's testimony at the trial, as soon as he saw the appellant that day, he was sure that appellant was the man whom he had arrested inside the lumber company two nights earlier. Officer Durham identified the appellant as such at the trial. His

identification was objected to on the ground that it was tainted by the earlier showup at appellant's house which appellant claims was impermissibly suggestive. See *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

It is true that one on one identification procedures are not preferred. *Stovall v. Denno, supra.* However, every such procedure does not of itself violate due process. The actual test is whether the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Stovall v. Denno, supra; Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Garcia v. State,* 626 S.W.2d 46, 54 (Tex.Cr.App.1981). Each case must be considered on its own facts with the determination dependent upon the totality of the circumstances involved. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Simmons v. United States, supra; Garcia v. State, supra.* In assessing the reliability of a witness' in-court identification, the factors to be weighed against the corrupting effect of a suggestive pretrial identification procedure include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In our case, Officer Durham had considerable opportunity to observe the suspect at the scene of the burglary and while putting him into the patrol car. Although it was quite dark inside the building, Officer Durham testified that he was able to view the suspect under the beam of a powerful flashlight. Officer Durham obviously had the suspect in close quarters while handcuffing him and walking him to the patrol car. The testimony indicates that, while it was dark in and near the building, there were streetlamps illuminating the area where the patrol car was parked. Officer Durham repeatedly testified that he got a clear look at the suspect.

Officer Durham was more than a casual observer, being a trained and experienced police officer. While he was admittedly uncertain after viewing the police file photographs, Officer Durham's identification of the appellant upon viewing him in person could not have been more positive.

At the time he chose appellant's photograph from the book of "mug shots," Officer Durham remarked to his fellow officers that there were several differences between the suspect in the building and the photograph of appellant, including the hair being longer, the moustache fuller and the complexion darker in the photograph. These differences were accurately noted again at the trial.

Finally, less than two days elapsed from the time Officer Durham apprehended the suspect in the burglary to the time the showup was conducted. The identification at trial occurred just three months later.

Based on these facts, we conclude that Officer Durham's in-court identification of the appellant was not tainted by the pretrial procedure; and therefore, it was not error to admit it. This ground of error is overruled.

We turn now to appellant's pro se complaint that he was deprived of his constitutional right to effective assistance of counsel. The right to effective assistance of counsel means counsel rendering and likely to render reasonably effective assistance. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980); *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App.1979). In our review of claims that defense counsel failed to meet this standard, we examine the totality of the representation on the record. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr. App.1980); *Cude v. State, supra.* The constitutional right to counsel does not mean errorless counsel, and the appellate courts are not to engage in hindsighted comparison of how other counsel might have tried

the case. *Ex parte Burns,* 601 S.W.2d 370 (Tex.Cr.App.1980); *Boles v. State, supra.*

■ Appellant's complaint is based upon several factual allegations contained in his brief. Appellant asserts that his trial counsel 1) failed to call witnesses who were present and ready to testify to facts that would have given the appellant an alibi defense and shown that he was the victim of an illegal, warrantless arrest; 2) failed to make a proper factual investigation of the facts surrounding the crime with which the appellant was charged and the arrest of appellant; 3) failed to discover the names of the State's witnesses and what would be their testimony at the trial; 4) failed to move to suppress the testimony of police officers "due to appellant's arrest being illegal and in violation of his fourth amendment rights;" and 5) failed to properly cross-examine State's witnesses.

The problem with the majority of the appellant's contentions is that beyond the bare allegations in his brief, there is nothing in the record to support the allegations of ineffectiveness. There is nothing to show the content of the absent witnesses' testimony. There is nothing to show that appellant's trial counsel did not satisfactorily discover the facts of the case or the anticipated testimony of the State's witnesses. There is no showing of an illegal arrest.

Most of the witnesses for the State were police officers who participated in the investigation of the case and the arrest of the appellant. The record discloses that counsel was cognizant enough of the nature of their testimony to move for the suppression of testimony on the identification of the appellant. The fact that the record does not contain discovery motions does not show that counsel was not diligent in pursuing the case. It is entirely possible that, due to the cooperation of the district attorney and the police, discovery was had without the necessity of formal motions.

The record reveals that, with one exception, counsel was thorough in his cross-examination of the State's witnesses. The exception was an important witness whose testimony placed the appellant near the scene of the crime wearing handcuffs shortly after the escape of the suspect from the custody of Officer Durham. Counsel admitted his surprise at this witness' testimony and promptly asked the trial court to continue the cause until the next day. The trial court continued the case until the next day, whereupon counsel rested immediately after the State rested without cross-examining the witness. We decline to second-guess counsel's reasoning for so doing. In any event, we cannot hold counsel ineffective on the basis of an isolated lapse or failure. See *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977); *Long v. State,* 502 S.W.2d 139 (Tex.Cr.App.1973).

■ Because the alleged inadequacies of trial counsel are primarily errors of omission or dehors the record rather than that of commission revealed in the trial record, the proper vehicle for complaint is a collateral attack which permits the development of facts concerning the alleged ineffectiveness. *Ex parte Duffy, supra,* at 513. See also *Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex.Cr.App.1976). We cannot declare that appellant's trial counsel was ineffective based on the record before us. This ground of error is overruled.

The judgment of the trial court is affirmed.