David Eugene WILSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–198–CR.

Court of Appeals of Texas,
Corpus Christi.

March 7, 1985.

Jose Luis Pena, Harlingen, for appellant.

Maria Teresa Soto, Asst. Dist. Atty.,
Brownsville, for appellee.

Before NYE, C.J., and SEERDEN, J.

## OPINION

SEERDEN, Justice.

Appellant was convicted of driving while intoxicated. Punishment was assessed by the jury at 30 days in the Cameron County Jail and a fine of $100.00. Upon the jury's recommendation, the jail term was probated for two years.

In his first ground of error, appellant contends the evidence is insufficient to sustain the conviction. The undisputed evidence shows that around 8:00 p.m. on November 27, 1983, appellant and two friends departed the Galley Restaurant in Port Isabel and, almost immediately thereafter, the pick-up truck in which they were riding collided with a parked car, veered across the street and came to rest within a few feet of a lumber company's plate glass window. The evidence is amply sufficient to show that all three parties in the pick-up were intoxicated. The dispute is over whether there is sufficient evidence to identify appellant as the driver of the pick-up.

There were no eyewitnesses to the collision, or the operation of the pick-up, other than the three parties in the pick-up. Both appellant and Kathy Allen, the owner of the pick-up, testified that Kathy Allen was the driver. The third party in the pick-up, Larry Shinn, called as a witness for the defendant, testified that he was too intoxicated to have much recollection of what happened.

In connection with the issue of who was driving the pick-up on the occasion in question, the State offered the testimony of Lawrence McFarland, Daniel Flores, and Emilio Vasquez.

Lawrence McFarland testified that he lived approximately 250 feet away from the accident and that after hearing the sound of crunching metal, he got in his truck and went to see what had happened. When he arrived at the accident site two to three minutes later, he saw appellant standing "fairly close" to the truck outside of the open driver's door. A woman was sitting in the middle seat and another man was sitting on the passenger's side. Less than

a minute later, Officer Daniel Flores arrived in response to his dispatcher's call.

Flores testified that when he arrived three persons were sitting in the truck. The driver's door was closed. Appellant was seated behind the wheel, the woman was in the middle and the other passenger was on the far right-hand side. Flores asked what happened and appellant said, "Nothing, we're just parked here." When appellant stepped out of the truck, he lost his balance and Flores determined that appellant was intoxicated. Flores further testified without objection that after arriving at the police station appellant responded "yes" to a question of whether he was operating a vehicle.

Emilio Vasquez, the second police officer to arrive at the accident site, testified that under the direction of Officer Flores, he transported Kathy Allen and Larry Shinn to the police department to be booked for public intoxication.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

█ We have reviewed the record and find the evidence sufficient to sustain the conviction. While it is true that none of the State's witnesses saw appellant operating the pick-up truck, appellant's admission to Officer Flores that he was operating a vehicle (along with the circumstances testified to by Lawrence McFarland) support the jury's conclusion that appellant was the driver of the pick-up truck, despite the conflicting evidence presented by appellant and his friends. We note here that appellant raised no objection to Officer Flores' testimony concerning appellant's oral statement. While appellant may have had valid grounds for suppressing this oral statement under TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon Supp.1984), it is well settled that in the absence of an objection, such statements are admissible. *See Moulden v. State*, 576 S.W.2d 817 (Tex.Crim. App.1978); *Jaramillo v. State*, 504 S.W.2d 853 (Tex.Crim.App.1974); *Herring v. State*, 429 S.W.2d 147 (Tex.Crim.App.1968); *Watkins v. State*, 411 S.W.2d 364 (Tex.Crim. App.1967). The jury was justified in considering the appellant's oral admission of guilt to Officer Flores, and thus the evidence is sufficient to sustain the conviction. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that trial counsel's failure to locate and subpoena a key witness for the defense constituted ineffective assistance of counsel. The testimony of Kathy Allen and Lawrence McFarland showed that some other person arrived at the scene of the accident before McFarland. Arguing newly discovered evidence in his motion for new trial, appellant included the affidavit of Rae Dejur, an employee of the restaurant, who stated that on the night of the accident Kathy Allen was driving the vehicle when it left the restaurant just a minute before the accident. She further stated that one of her co-workers, Peter Larson, went across the street to investigate the accident. The trial court overruled the motion for new trial.[1] Appellant

---

1. The trial court's docket sheet reflects that on March 30, 1984, the "Motion for New Trial heard and overruled." The written order denying the appellant's motion for new trial states "came on the (sic) be heard the State's Brief in Response to Motion for New trial and the Court having heard the evidence thereon is of the opinion that said motion should be denied." No statement of facts, however, is included in the record from a hearing on a motion for new trial, if indeed a hearing was held.

We further note that appellant's ground of error is predicated upon an affidavit attached to his motion for new trial. Whether we should consider this affidavit in disposing of appellant's ground of error is questionable. In the recent case of *Lamb v. State*, 680 S.W.2d 11 (Tex.Crim. App.1984), the Court of Criminal Appeals considered the merits of an issue presented by way of affidavits attached to a motion for new trial. The majority noted the general rule that motions for new trial are not self proving and that they must be supported by affidavits, *which must be offered into evidence* at a hearing, citing *Walker v. State*, 440 S.W.2d 653 (Tex.Crim.App.

did not raise an ineffective assistance ground in his motion for new trial.

■ Appellate counsel now asserts that trial counsel was ineffective for not using due diligence to secure the presence and testimony of Rae Dejur. In spite of appellant's assertions, we are unable to determine from the record before us that appellant's trial counsel failed to investigate or failed to call witnesses who could have assisted appellant. Appellant has simply failed to develop the record in this regard. We have previously noted that where the alleged inadequacies of trial counsel are primarily errors of omission or dehors the record, rather than that of commission revealed in the trial record, the proper vehicle for complaint is a collateral attack which permits the development of facts concerning the alleged ineffectiveness. *See Barrera v. State*, 664 S.W.2d 372 (Tex.App.— Corpus Christi 1983, no pet.). Moreover, appellant's complaint that his trial counsel failed to call witnesses at the guilt stage of the trial is without merit in the absence of a showing that such *witnesses were available. See Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Crim.App.1976). Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.

1969), but then considered the issue in the interest of justice. Presiding Judge Onion, concurring in the result, vigorously dissented to the majority's consideration of the affidavits which were not properly before the trial court. Judge Onion wrote that the "departure from established procedure is wrong" and wondered "Will we hear again about what this court does today?"

With this in mind, we mention the contents of the affidavit attached to appellant's motion for new trial only for the purpose of explaining appellant's ground of error.