cr4-567.brown 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00567-CR







William Howard Brown, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY CRIMINAL COURT NO. 9 OF DALLAS COUNTY,


NO. MB94-40537-K, HONORABLE MOLLY FRANCIS, JUDGE PRESIDING







PER CURIAM


 In a bench trial, William Howard Brown was convicted of driving while
intoxicated. (1) The court assessed a $400 fine and sentenced him to 90 days in jail, probated for
two years. Brown appeals by a single point of error challenging the sufficiency of the evidence. 
He contends that the State failed to corroborate independently his extra-judicial statement that he
was driving the vehicle while intoxicated. We will affirm.



The Standard of Review


 In reviewing a legal sufficiency challenge, we examine the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). In a bench trial, the trial judge is the sole judge of the credibility
of witnesses and may accept or reject any part or all of a witness's testimony. Alexander v. State,
823 S.W.2d 754, 756 (Tex. App.--Austin 1992, no pet.).

 Proof of the body of the crime (corpus delicti) may not be made by an extrajudicial
confession alone. Folk v. State, 797 S.W.2d 141, 143 (Tex. App.--Austin 1990, pet. ref'd). The
body of the crime of driving while intoxicated is someone driving or operating a motor vehicle
in a public place while intoxicated. Id. at 144. Some evidence must corroborate an out-of-court
confession. Id. The corroborating evidence is sufficient if, when joined with the extrajudicial
admission, it permits a rational finding of guilt beyond a reasonable doubt. Id.

 The information, against which we test the evidentiary sufficiency, charged that
Brown



did then and there drive and operate a motor vehicle in a public place in Dallas
County, Texas, to-wit: a street and highway, while intoxicated, in that the
defendant did not have the normal use of his mental and physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, a substance
or its vapors that contain a volatile chemical, an abusable glue, an aerosol paint,
and a combination of two or more of those substances into defendant's body.



Brown stipulated to many aspects of the information including his intoxication; the only contested
issue was whether he drove on streets or highways.



The Evidence


 Albert Vanlandingham was the only witness at trial. He awoke upon hearing a loud
noise in his front yard. He jumped up and looked out to see a pickup truck in his front yard. He
saw Brown walking around the truck.

 Vanlandingham testified that Brown told him how the accident occurred. Brown
said that, as he turned left, his right front tire blew out. Headed directly toward a parked car, he
swerved to the left. His truck jumped the curb and skidded across a neighbor's yard and
Vanlandingham's driveway, ending up in Vanlandingham's yard. Vanlandingham said he saw
skid marks that comported with Brown's account of the incident.

 On cross examination, Vanlandingham admitted that he never saw Brown behind
the wheel or in his truck. He said he could not recall whether Brown was on the porch or out by
the truck when he first saw him, but then reiterated that he believed Brown was out by the truck. 
Vanlandingham recalled seeing a woman sitting in the passenger side of the truck.



The Analysis


 Vanlandingham's testimony regarding the progression of the tire marks and furrows
in yards leading from the street, over the curb, and toward the resting position of the truck
substantiate a finding that someone drove the vehicle on the street.

 The State corroborated Brown's out-of-court statement that he was the driver. This
case is similar to Wilson v. State, 688 S.W.2d 212, 212-13 (Tex. App.--Corpus Christi 1985, no
pet.). In Wilson, the court heard the testimony of a man who arrived on the crash scene from his
home nearby two to three minutes after hearing crunching metal. Id. at 212. Upon arriving, the
man saw the defendant standing fairly close to the open driver's door and two others seated in the
middle and right passenger seats. The court held that the testimony corroborated the defendant's
extrajudicial confession that he had been the driver sufficiently to sustain a conviction for driving
while intoxicated. Id. at 213. In this case, Vanlandingham testified that, just after he heard the
strange noises in his front yard and found the truck embedded in his lawn, he saw Brown standing
outside the truck and the woman in the passenger seat. Under Wilson, this testimony is enough
to show him as the driver and corroborate his extrajudicial statements indicating that he was the
driver.

 Brown's stipulation that he was intoxicated on the day of the incident completed
the proof required to sustain a conviction. 

 Viewed most favorably to the judgment, the evidence and stipulations support the
conviction. We overrule the point of error.



Conclusion


 We affirm the conviction.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1.   Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574
(Tex. Rev. Civ. Stat. Ann. Art. 6701l-1(b), since amended and codified at Tex. Penal Code
Ann. §§ 49.04, 49.09).