J. A. v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-021-CV

     J. A.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Ellis County, Texas
Trial Court # 94-3074-MH
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant J.A. appeals from an order of the trial court committing her to the Terrell State
Hospital for inpatient care for a period not to exceed ninety days.
      On December 9, 1994, Appellant's mother Irma Olivo applied for emergency detention of
Appellant, alleging depression, threats of self-harm, rambling, non-sensical speech, and a history
of mental illness. After a hearing, the judge ordered protective custody, committing Appellant to
the Terrell State Hospital.
      On December 20, 1994, a hearing was held to determine if the commitment should continue. 
Upon hearing the testimony of the treating psychiatrist from the Terrell State Hospital and others,
the court ordered Appellant committed to the Terrell State Hospital for a period not to exceed
ninety days. On January 9, 1995, Appellant was released from the Terrell State Hospital.



      Appellant appeals on two points of error. Point one: "The trial court lacked sufficient
evidence to conclude that Appellant should be involuntarily committed to a state hospital."
      Texas Health and Safety Code § 574.034 provides:
(a)The judge or jury may determine that a proposed patient requires court ordered
temporary mental health service only if the judge or jury finds from clear and
convincing evidence that:
            (1)  The proposed patient is mentally ill; and
            (2)  As a result of the mental illness the proposed patient:
                  (a)  is likely to cause serious harm to himself;
                  (b)  is likely to cause serious harm to others; or
                  (c)  will, if not treated, continue to suffer severe and abnormal mental, emotional,
or physical distress, will continue to experience deterioration of his ability to
function independently, and is unable to make a rational and informed decision
as to whether or not to submit to treatment.
      (b)  The judge or jury must specify which criterion in subsection (a)(2) forms the
basis for the decision.
      (c)  To be clear and convincing under this section, the evidence must include expert
testimony and, unless waived, evidence of a recent overt act or a continuing
pattern of behavior that tends to confirm the likelihood of serious harm to the
proposed patient or others, or the proposed patient's distress and the
deterioration of ability to function.
      The trial judge found Appellant was mentally ill and, as a result of that mental illness, will,
if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and
will continue to experience deterioration of her ability to function independently, and is unable to
make a rational and informed decision as to whether or not to submit to treatment.
      Dr. Methner, Appellant's treating psychiatrist at the Terrell State Hospital, diagnosed
Appellant as suffering from a schizo-affective disorder. He testified to a specific pattern of
behavior by way of a continuing deterioration of insight and judgment; that if not treated, she will
continue to deteriorate; that she had attempted to leave the hospital and had refused to accept
treatment; that she had fixated thinking regarding a personal involvement with the Super Collider
even though she had no connection with the Super Collider; that she could not organize her
thinking; that she was not able to care for herself, much less her ten-months-old child; that
Appellant had a long documented history in Illinois from 1986 to 1993 with at least one
hospitalization a year to stabilize her; that she needs to be stabilized on psychotropic medication
and needs inpatient care at Terrell State Hospital for a period not greater than ninety days.
      Ms. German, the hospital liaison for Ellis County Mental Health Services testified Appellant
had suspicious and paranoid thinking about her husband and their personal finances; that Appellant
carried many of her bills and papers with her at all times; and that her paranoia extended to an
unwillingness to enter the clinic door or to release her child from her arms.
      Appellant testified that she was not mentally ill and that her illness is related to some physical
medical problem instead of mental illness. Her testimony overall indicates that her thought
processes were confused and disjointed.
      We find there is sufficient clear and convincing evidence to meet the statutory requirement
that there be expert testimony and sufficient evidence of a continuing pattern of behavior tending
to confirm Appellant's distress and deterioration of ability to function. Banks v. State, 570
S.W.2d 121 (Tex. App.—Austin 1978); Holliman v. State, 762 S.W.2d 656 (Tex.
App.—Texarkana 1988). Point one is overruled.
      Point two: "Trial attorney rendered ineffective assistance of counsel." Appellant asserts
ineffective assistance of counsel in that: (1) her trial attorney did not cross-examine Dr. Methner;
she asserts if he had done so, he could have established that she was not a danger to herself or
others; (2) her trial attorney failed to introduce documents; she asserts she had bills and records
that would have substantiated her claim she was not mentally ill, but rather was experiencing
normal stress from her bills and problems with utility disputes; and (3) her trial counsel failed to
request a list of acts committed by her that the State would attempt to prove at trial.
      The standard for review where ineffective assistance of counsel is alleged, is set out in
Strickland v. Washington, 466 U.S. 688, and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). These cases require a showing that counsel's performance was deficient by norms
of the community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on the appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Matters not present in the record of the trial
provide no basis upon which an appellate court can make a decision. Tex. R. App. P. 50(a). 
Mere allegations of the existence of facts may not be considered. Williams v. State, 485 S.W.2d
274 (Tex. Crim. App. 1972). Where alleged inadequacies of trial counsel are errors of omission
or dehors the record, rather than errors of commission revealed in the trial record, the proper
vehicle for complaint is a habeas corpus attack which permits the development of facts concerning
the alleged ineffectiveness. Barrera v. State, 664 S.W.2d 372, 375 (Tex. Crim. App.—Corpus
Christi 1983); Ex parte Duffy, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980).
      All three of the alleged basis for ineffectiveness of trial counsel are allegations of omission,
or the failure to do something. Under the authorities cited Appellant has not proved her trial
counsel's representation ineffective. Point two is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings, 
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Appellant delivered and filed October 4, 1995
Do not publish