NO. 07-02-0067-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 7, 2002



______________________________




IN THE INTEREST OF CHRISTOPHER MARTINEZ, A CHILD




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 91-533,594; HONORABLE DREW FARMER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Jesus Martinez perfected an appeal from a default judgment modifying
support in a suit affecting the parent-child relationship. Pending before this Court is
appellant's "Withdrawal of Notice of Restricted Appeal" by which he expresses his desire
to no longer pursue this appeal. We grant his request and dismiss the appeal.

 Without passing on the merits of the case, appellant's request is granted and the
appeal is hereby dismissed. See Tex. R. App. P. 42.1(a)(2). Having dismissed the appeal
at appellant's request, no motion for rehearing will be entertained and our mandate will
issue forthwith.

 Don H. Reavis

 Justice


Do not publish.



ng extraneous offenses; and 3) he was denied effective assistance of
counsel at trial. Based upon the rationale expressed herein, we affirm. 

 By his first issue, appellant contends 1) the trial court committed fundamental error
in charging the jury in the application paragraph of the court's charge on guilt/innocence
on an alternative theory of aggravated sexual assault, which theory was not included in the
indictment. Where, as here, charge error is not properly preserved, egregious harm must
be shown before reversal will be required. Hutch v. State, 922 S.W.2d 166, 170-71
(Tex.Cr.App. 1996) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985)
(op'n on reh'g)). In light of the jury charge itself, the state of the evidence and argument
of counsel, we cannot say the charge error deprived appellant of a fair and impartial trial
as required for a showing of egregious harm. Hutch, 922 S.W.2d at 171. Issue one is
overruled.

 By his second issue, appellant contends the trial court committed fundamental error
in failing to include in the court's charge a limiting instruction regarding the jury's
consideration of the extraneous offenses testified to by the victim during the trial. We
disagree. A party opposing evidence has the burden of requesting the limiting instruction
at the introduction of the evidence. Hammock v. State, 46 S.W.3d 889, 895 (Tex.Cr.App.
2001). A request for a limiting instruction must be made at the first opportunity, otherwise
the evidence is admissible for all purposes. Tex R. Evid. 105(a); Hammock, 46 S.W.3d
at 895. Issue two is overruled.

 By his third issue, appellant contends he was denied effective assistance of counsel
at trial. We disagree. Where, as here, the adequacy of trial counsel is based upon acts
of omission rather than commission, the evidence necessary to support the allegation is
usually outside the record and has not been fully developed for purposes of appeal. 
Wilson v. State, 688 S.W.2d 212, 214 (Tex.App.-Corpus Christi 1985, no pet.). 
Appellant's contentions of ineffective assistance of counsel are neither firmly demonstrated
by the record nor is the record sufficient to overcome the strong presumption that counsel's
conduct fell within the limits of a wide range of reasonable representation. Appellant's
third issue is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.4.