NO. 07-01-0450-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 8, 2003



______________________________




RAMON LIRA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 3018; HONORABLE RON ENNS, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION (1)

 Upon a plea of not guilty, appellant Ramon Lira was convicted of aggravated sexual
assault of a child and punishment was assessed at 20 years confinement. By three issues,
appellant contends 1) the trial court committed fundamental error in charging the jury in
the application paragraph of the court's charge on guilt/innocence on an alternative theory
of aggravated sexual assault, which theory was not included in the indictment; 2) the trial
court committed fundamental error in failing to include in the jury charge a limiting
instruction regarding extraneous offenses; and 3) he was denied effective assistance of
counsel at trial. Based upon the rationale expressed herein, we affirm. 

 By his first issue, appellant contends 1) the trial court committed fundamental error
in charging the jury in the application paragraph of the court's charge on guilt/innocence
on an alternative theory of aggravated sexual assault, which theory was not included in the
indictment. Where, as here, charge error is not properly preserved, egregious harm must
be shown before reversal will be required. Hutch v. State, 922 S.W.2d 166, 170-71
(Tex.Cr.App. 1996) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985)
(op'n on reh'g)). In light of the jury charge itself, the state of the evidence and argument
of counsel, we cannot say the charge error deprived appellant of a fair and impartial trial
as required for a showing of egregious harm. Hutch, 922 S.W.2d at 171. Issue one is
overruled.

 By his second issue, appellant contends the trial court committed fundamental error
in failing to include in the court's charge a limiting instruction regarding the jury's
consideration of the extraneous offenses testified to by the victim during the trial. We
disagree. A party opposing evidence has the burden of requesting the limiting instruction
at the introduction of the evidence. Hammock v. State, 46 S.W.3d 889, 895 (Tex.Cr.App.
2001). A request for a limiting instruction must be made at the first opportunity, otherwise
the evidence is admissible for all purposes. Tex R. Evid. 105(a); Hammock, 46 S.W.3d
at 895. Issue two is overruled.

 By his third issue, appellant contends he was denied effective assistance of counsel
at trial. We disagree. Where, as here, the adequacy of trial counsel is based upon acts
of omission rather than commission, the evidence necessary to support the allegation is
usually outside the record and has not been fully developed for purposes of appeal. 
Wilson v. State, 688 S.W.2d 212, 214 (Tex.App.-Corpus Christi 1985, no pet.). 
Appellant's contentions of ineffective assistance of counsel are neither firmly demonstrated
by the record nor is the record sufficient to overcome the strong presumption that counsel's
conduct fell within the limits of a wide range of reasonable representation. Appellant's
third issue is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.4.



lea de novo. 
Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

 In deciding a plea to the jurisdiction, we look to whether the plaintiff has alleged facts
in his pleadings that affirmatively demonstrate the trial court's jurisdiction to hear the cause. 
Texas Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). However,
when a plea to the jurisdiction challenges the existence of jurisdictional facts, our review
is not restricted solely to the pleadings, but we must consider any relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issue raised. Id;
Bland, 34 S.W.3d at 555.

Finley's Discrimination Complaint 

 Under Texas law, a person claiming employment discrimination must exhaust all
administrative remedies prior to bringing a civil action in district court. Schroeder v. Tex.
Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991). To initiate the administrative process,
an aggrieved employee must file a complaint with the EEOC or TWC-CRD no later than the
180th day after the date the alleged unlawful employment practice occurred. (4) Tex. Lab.
Code Ann. § 21.201-.202; Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492
(Tex. 1996). This time limit is mandatory and jurisdictional. Schroeder, 813 S.W.2d at 486. 
Failure to timely file an administrative complaint deprives Texas trial courts of subject-matter jurisdiction. Vincent v. W. Tex. State Univ., 895 S.W.2d 469, 473
(Tex.App.-Amarillo 1995, no writ).

 In the present case, Finley contends there is substantial evidence his claim was
timely filed within the 180-day statute of limitation. Foremost, the record contains a
fourteen-page letter addressed to the EEOC-El Paso Area Office dated March 10, 2004,
and file-stamped April 5, 2004. The first sentence of the letter reads "I would like to relate
to you a charge of employment discrimination (based on age and possibly other factors)
against Texas Tech University." As evidenced by the correspondence admitted at the
March 10, 2006 hearing, Finley's March 10 complaint letter was received by the EEOC on
April 5, 2004, and satisfied the requirements of a timely filed complaint. Furthermore, the
TWC-CRD confirmed by letter that, because complaints filed with the EEOC are
automatically dually filed with the TWC-CRD upon receipt, the March 10 letter was properly
filed within the 180-day statute of limitation. Also attached to the pleadings is a charge
questionnaire, file-stamped April 23, 2004, summarizing the complaints made in the March
10 letter.

 However, despite this jurisdictional evidence, Texas Tech propounds several
reasons why Finley's complaint remains untimely filed. First, it argues the July 26, 2004
charge of discrimination contained in the TWC-CRD's certified file is the "formal complaint"
which initiated the administrative process. Similarly, Texas Tech contends the EEOC's
actions indicate the agency did not consider Finley's complaint timely filed until the July 26
charge. We disagree. 

 Our examination of the July 15, 2004 letter from the EEOC, which Texas Tech
contends supports its position that the administrative process had not yet begun, reveals
the July 26 charge is actually the perfected charge prepared by the EEOC "as a result of
the information provided" in Finley's initial correspondence. See Tex. Lab. Code Ann. §
21.201(d). The letter instructs Finley to review the prepared charge, make corrections
where necessary, sign and date, and return to the EEOC office. The record reflects (1) the
EEOC received Finley's initial complaint on April 5, (2) Finley completed an initial charge
questionnaire on April 23, (3) the EEOC prepared a perfected charge which it mailed to
Finley on July 15, (4) Finley reviewed and returned the perfected charge to the EEOC on
July 26, and (5) the perfected charge was forwarded to Texas Tech within ten days
pursuant to 21.201(d). (5) 

 This sequence of events is supported by the fact that Chapter 21 of the Labor Code
recognizes a clear distinction between an original complaint and a perfected complaint. 
See Tex. Lab. Code Ann. § 21.201(d)-(g) (providing that the respondent shall be served
with a copy of the perfected complaint, but "[i]f a perfected complaint is not received by the
commission within 180 days of the alleged unlawful employment practice, the commission
shall notify the respondent that a complaint has been filed and that the process of
perfecting the complaint is in progress."). Furthermore, as we explained in Brammer v.
Martinaire, Inc., 838 S.W.2d 844, 846 (Tex.App.-Amarillo 1992, no writ), the regular
practice "is to require an aggrieved party to complete a questionnaire concerning his charge
and submit it to [the Commission]. The Commission thereafter prepares a formal charge
and sends this to the complainant to be reviewed and signed under oath." The record here
suggests this was the course of action taken by the EEOC with respect to Finley's charge. 
Consequently, we find no merit in Texas Tech's contention that the administrative process
was not initiated until the July 26 charge was filed.

 In addition, acknowledging the documents filed prior to the 180-day deadline, Texas
Tech insists the documents Finley filed with the EEOC "do not count" because there is
nothing in the certified record of his TWC-CRD file which predates the July 26 charge. 
However, we are unable to find any authority, and none has been cited, indicating whether
all documents originally filed with the EEOC are required to be retained by the TWC-CRD. 
More important, for the purposes of this appeal, it is a question we need not decide. The
TWC-CRD has recently clarified that "[f]or the purpose of satisfying the filing requirements
of Texas Labor Code § 21.201 . . . timeliness of the complaint shall be determined by the
date on which the complaint is received by EEOC." 30 Tex. Reg. 6082 (2005), adopted 30
Tex. Reg. 6065 (2005) (codified at 40 Tex. Admin. Code § 819.71). 

 In Finley's case, the relevant evidence shows a letter satisfying the elements of a
complaint was received on April 5, 2004, one month prior to the statutory time limit. 
Accordingly, we hold Finley's complaint was timely filed and agree that the trial court had
jurisdiction over the matter. Texas Tech's first issue is overruled.

Award of Injunctive Relief

 By its second issue, Texas Tech contends the trial court erred by enjoining it from
having future contact with the EEOC or the TWC-CRD related to this matter. (6) We agree.

 By its March 21, 2006 order, in addition to denying the plea to the jurisdiction, the
trial court ordered as follows: 

 Defendant is further ordered to cease contact with the Equal Employment
Opportunity Commission or the Texas Workforce Commission-Civil Rights
Division in further attempts to interfere with the previous findings of those
agencies regarding the timeliness and sufficiency of Plaintiff's attempts at
administrative relief.


Finley requested injunctive relief in his second response to the plea to the jurisdiction. Yet,
by his pleadings, he did not seek a temporary restraining order or temporary injunction
pursuant to Rules 680 and 681 of the Rules of Civil Procedure. However, because the trial
court's order places restrictions on Texas Tech and is made effective immediately, it
functions as a temporary injunction and is void because, among other reasons, the order
failed to set bond and failed to include a date for a trial on the merits as required by Rules
683 and 684. See Qwest Communications Corp. v. AT & T Corp., 24 S.W.3d 334, 337
(Tex. 2000); Ebony Lake Healthcare Ctr. v. Tex. Dep't of Human Serv., 62 S.W.3d 867, 870
(Tex.App.-Austin 2001, no pet.). Therefore, Texas Tech's second issue is sustained. 

 Accordingly, that portion of the trial court's order prohibiting Texas Tech University
from further contact with the Equal Employment Opportunity Commission and the Texas
Workforce Commission-Civil Rights Division is reversed and we hereby render judgment
dissolving that portion of the trial court's order awarding Stephen Finley injunctive relief. 
In all other respects, the order is affirmed.


 Don H. Reavis

 Justice

1. In 2004, the powers and duties of the Texas Commission on Human Rights (TCHR)
were transferred to the newly formed Civil Rights Division of the Texas Workforce
Commission. Tex. Lab. Code Ann. § 21.0015 (Vernon 2006). 
2. A file-stamped copy of the letter was attached to the pleadings. 
3. See infra footnote 6.
4. Although Texas Tech cites in its brief that Finley was required to file a complaint
with the TWC-CRD regardless of whether an administrative charge was filed with the
EEOC, under the 1998 Worksharing Agreement, an initial complaint filed with the EEOC
will also be considered filed with the TWC-CRD. Vielma v. Eureka Co., 218 F.3d 458, 462-63 (5th Cir. 2000); Burgmann Seals Am., Inc. v. Cadenhead, 135 S.W.3d 854, 857
(Tex.App.-Houston [1st Dist.] 2004, no pet.).
5. The EEOC notified Texas Tech of Finley's discrimination claim on August 2, 2004. 
6. One week prior to the hearing, the TWC-CRD reversed its position and issued a
letter rescinding Finley's notice of right to file a civil action which it issued in February 2005. 
Five days later, after further review, the TWC-CRD again reversed its position, rescinding
the letter rescinding Finley's right to file a civil action. At the hearing on the plea, Finley
claimed the TWC-CRD informed him that the Attorney General's Office had contacted them
and caused this to happen. As a result, Finley informally requested injunctive relief.