NO. 07-01-0450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2003

_____

RAMON LIRA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3018; HONORABLE RON ENNS, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Upon a plea of not guilty, appellant Ramon Lira was convicted of aggravated sexual

assault of a child and punishment was assessed at 20 years confinement. By three issues,

_____

[1]TEX. R. APP. P. 47.4.

appellant contends 1) the trial court committed fundamental error in charging the jury in the application paragraph of the court's charge on guilt/innocence on an alternative theory of aggravated sexual assault, which theory was not included in the indictment; 2) the trial court committed fundamental error in failing to include in the jury charge a limiting instruction regarding extraneous offenses; and 3) he was denied effective assistance of counsel at trial. Based upon the rationale expressed herein, we affirm.

By his first issue, appellant contends 1) the trial court committed fundamental error in charging the jury in the application paragraph of the court's charge on guilt/innocence on an alternative theory of aggravated sexual assault, which theory was not included in the indictment. Where, as here, charge error is not properly preserved, egregious harm must be shown before reversal will be required. Hutch v. State, 922 S.W.2d 166, 170-71 (Tex.Cr.App. 1996) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985) (op'n on reh'g)). In light of the jury charge itself, the state of the evidence and argument of counsel, we cannot say the charge error deprived appellant of a fair and impartial trial as required for a showing of egregious harm. *Hutch*, 922 S.W.2d at 171. Issue one is overruled.

By his second issue, appellant contends the trial court committed fundamental error in failing to include in the court's charge a limiting instruction regarding the jury's consideration of the extraneous offenses testified to by the victim during the trial. We disagree. A party opposing evidence has the burden of requesting the limiting instruction

2

at the introduction of the evidence. Hammock v. State, 46 S.W.3d 889, 895 (Tex.Cr.App. 2001). A request for a limiting instruction must be made at the first opportunity, otherwise the evidence is admissible for all purposes. TEX R. EVID. 105(a); *Hammock*, 46 S.W.3d at 895. Issue two is overruled.

By his third issue, appellant contends he was denied effective assistance of counsel at trial. We disagree. Where, as here, the adequacy of trial counsel is based upon acts of omission rather than commission, the evidence necessary to support the allegation is usually outside the record and has not been fully developed for purposes of appeal. Wilson v. State, 688 S.W.2d 212, 214 (Tex.App.–Corpus Christi 1985, no pet.). Appellant's contentions of ineffective assistance of counsel are neither firmly demonstrated by the record nor is the record sufficient to overcome the strong presumption that counsel's conduct fell within the limits of a wide range of reasonable representation. Appellant's third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.