**James Wesley GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–273–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 20, 1982.

John B. Batchan, Houston, for appellant.

Magua McGull-Billingsley, Asst. Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This is an appeal from the offense of driving while intoxicated. Upon trial to a jury, appellant was found guilty and punishment was assessed by the court as six months in the county jail. We affirm the judgment of the trial court.

Appellant's first point of error attacks the sufficiency of the evidence to establish all the material elements of the offense. Therefore, it is necessary that we briefly summarize the evidence presented at trial.

Robert Preston testified that he was in the auditorium of his church between 5:00 and 5:15 on Sunday, February 8, 1981, when he heard a crash and immediately ran outside to investigate. Upon running out of the open front entrance of the auditorium, he observed a car resting partially on the walkway leading to the entrance of the church and partially on the street which was about ten feet from the church. Mr. Preston ran to the car, noticed the car was smoking, and opened the door on the passenger's side in order to assist anybody who was injured. Appellant was lying in the front seat of the car with his head toward the passenger side and his feet toward the driver's side. Another man, whose identity was unknown to Mr. Preston, was already at the scene of the accident and helped Mr. Preston pull the appellant out of the car and lay him upon the ground.

Houston Police officer M.L. Buttitta testified that on February 8, 1981, he and his partner were dispatched to the scene of the accident. They arrived at about 5:19 p.m. and saw appellant's car in a ditch next to the church sidewalk and extending halfway onto the road blocking traffic. Officer Buttitta testified that appellant appeared to be intoxicated and had the strong odor of alcohol on his breath. After appellant had been treated by paramedics, the officers assisted appellant into the patrol car and took him downtown to the accident investigation department.

Appellant argues that the evidence presented by the State was insufficient to prove that appellant *drove or operated* the vehicle as required under Tex.Rev.Civ.Stat. Ann. art. 6701*l*–2 (Vernon Supp.1982). Since all of the witnesses arrived at the scene after the accident had already occurred, the State had to use circumstantial evidence to prove this element of the offense charged. It is well established in Texas that a conviction based upon circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that of the guilt of defendant, and proof amounting to only strong suspicion or mere probability is insufficient. *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977).

Appellant relies upon the case of *Ford v. State,* 571 S.W.2d 924 (Tex.Cr.App.1978). In this case, officers arrived at the intersection of a private road and a public road and "found the appellant's truck some 15 to 20 feet 'completely off the roadway'...." There was no indication in the record as to whether the truck had been traveling on the public road or the private road. Another car and three people were already at the scene and nobody was inside the truck. In response to an officer's inquiry as to who was the driver of the truck, appellant stated "I was the driver." In holding that the evidence was insufficient to sustain appellant's conviction of driving while intoxicated, the Texas Court of Criminal Appeals held that there was "no evidence that the appellant *drove* the vehicle on a public road or a highway" and further stated that there was "no evidence that he had driven the vehicle while intoxicated." The facts in *Ford,* however, are substantially different from the facts in the case presently before this court. Mr. Green's car was not 15 to 20 feet off the road with no indication as to whether it came off of a public or private road, but was found protruding half-way out onto a public road. Also, Mr. Green was not standing outside the car with a group of people, but was lying in the front seat of the vehicle in the vicinity of the steering wheel.

648

■ In testing the sufficiency of the evidence to support the conviction, this court must view the evidence in the light most favorable to the jury's verdict. *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App.1981); *Ellett v. State,* 607 S.W.2d 545 (Tex.Cr.App. 1980). The evidence showed that Robert Preston went out to the scene of the accident as soon as he heard the crash. He approached the still smoking car and found appellant lying in the front seat near the steering wheel. Appellant was positioned with his feet near the steering wheel and his head toward the passenger side which is a position in which the driver of a vehicle might be thrown upon collision. There was nobody else found in the car. We hold that these facts are sufficient evidence to support the jury's finding that appellant was the driver of the vehicle. *See Perez v. State,* 432 S.W.2d 954 (Tex.Cr.App.1968).

Appellant argues that the unnamed man, who was already at the scene when Mr. Preston arrived, could have been the driver of the car. However, the testimony is inconsistent with such a hypothesis. The actions of the unnamed man were consistent with the actions of a helpful bystander, not of a man who had just climbed out of a wrecked vehicle. The testimony indicates that he would not have had time to have gotten out from under the wheel of the car between the time of the crash and when Mr. Preston came out and saw the scene with the smoking car with closed doors and only appellant inside. Also, the evidence indicated that the man did not know the appellant. Mr. Preston testified that when the man attempted to remove appellant's wallet to obtain identification, appellant "murmured" and the unnamed man explained that he was only trying to get some information from the wallet. The jury had sufficient evidence to exclude as an unreasonable hypothesis the argument that the unnamed man was the driver of the vehicle. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in overruling his motion for a mistrial because the prosecutor commented on his failure to testify during the closing arguments. The complained of language reads as follows:

Certainly, we can all sit and fantasize about, 'Well, this may have happened, or someone also might have been in the car.' But folks, if someone else was driving the car, why didn't this man who is so concerned about this case subpoena that person to be in this courtroom today? That's not reasonable.

Don't you know that if one of your friends were charged with driving while intoxicated and someone else had been driving that car, he would have subpoenaed that person? Someone doesn't have to be your friend and on your side to be subpoenaed. They're under court order to appear, *and this Defendant didn't testify that person;* because this Defendant was driving the car, and nobody else was driving the car. [Emphasis added].

Appellant made a timely objection and moved for a mistrial which was overruled by the court.

■ It is well established law in Texas that the prosecution cannot comment on the failure of an accused to testify. Tex.Code Crim.Pro.Ann. Art. 38.08 (Vernon 1979). The test is whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Johnson v. State,* 611 S.W.2d 649 (Tex.Cr.App.1981); *Griffin v. State,* 554 S.W.2d 688 (Tex.Cr.App.1977); *Bird v. State,* 527 S.W.2d 891 (Tex.Cr.App.1975). The language used must be looked at from the standpoint of the jury, and the implication that the language used had reference to the accused's failure to testify must be a necessary one. *Bird v. State, supra.*

■ The statement by the prosecution that "this Defendant didn't testify that person" was not a direct comment or an inference as to the accused's failure to testify. It is not improper for the prosecution to comment on the failure of the accused to produce testimony other than his own. *McMahon v. State,* 582 S.W.2d 786 (Tex.Cr.App.1978); *Nowlin v. State,* 507 S.W.2d 534

(Tex.Cr.App.1974); *Antwine v. State,* 572 S.W.2d 541 (Tex.Cr.App.1978). An examination of the complained of statement in the context of the argument, reveals that the prosecutor was speaking of appellant's failure to subpoena and question another person as a witness. There was merely a slip of the prosecutor's tongue, resulting in the improper phrasing of her words. However, this small slip was not such that the jury would naturally and necessarily take it to be a comment upon appellant's failure to testify. *See Antwine v. State, supra.* Appellant's second point of error is overruled and judgment of the trial court is affirmed.