**John Michael MASON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–774CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1983.

Discretionary Review Refused
Feb. 29, 1984.

Michael Hinton, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for attempted capital murder of a peace officer.

█ The jury found John Michael Mason (appellant or Mason) guilty as charged. The jury set punishment at life imprisonment. Appellant contends he was improperly denied a mistrial when the state made reference in its jury argument to his failure to testify on his own behalf. We agree.

The only facts relevant to the sole ground of error involve the conduct of the State's attorney at trial. In his argument to the jury, he stated, "Don't judge him as he sits here in court now being quiet and not saying a word because you have got to judge what his intent was based upon the time of the crime." Defense counsel objected immediately, requesting a mistrial. The court instructed the jury to disregard and denied the motion for mistrial. The state's attorney immediately followed with the statement, "I am not in any way trying to comment upon his failure to testify in this case."

The right against self-incrimination is absolute. It is guaranteed in Article I, § 10 of The Texas Constitution and protected from infringement by statute. The Texas Code of Criminal Procedure provides that a defendant shall not have his failure to testify held against him, "[Nor] shall the same be alluded to or commented on by counsel in the cause." TEX.CODE CRIM.PROC. ANN. art. 38.08 (Vernon 1982). Given the absolute quality of the right against self-incrimination, clear and direct comments to a jury on the failure to testify cannot be tolerated.

The state would have us hold that inadvertent comment on a defendant's silence is harmless when made during the course of argument. In this case, the prosecutor was arguing appellant's intent and frame of mind during the commission of the offense. While the reference to appellant may have been intended as an argument on intent, it was also a direct comment on his silence.

The State cites *Green v. State,* 640 S.W.2d 645 (Tex.App.—Houston [14th

Dist.] 1982, no pet.) and urges that the prosecutor's comments be judged in the context of his argument on intent. Comments which may infringe defendant's right to silence are judged in context only when they are indirect or merely allude to defendant's failure to testify. In *Green*, the language being examined was indirect. *Id.* at 648.

■ Comments on defendant's silence are judged first by their clear meaning, rather than their meaning in context. As stated in *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975) at 894, "The test employed is whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify".

The comments of the state's attorney in this case, though perhaps unintended, were direct and clear. The jury could only take them to be comments on defendant's choice not to testify. The prosecutor's subsequent disclaimer re-directed the jury's attention to appellant's failure to testify. The attempted re-habilitation only served to emphasize the offending statement.

Appellant's sole ground of error is sustained.

The case is reversed and remanded.