**Tony Paul SINAST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–292–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 24, 1985.

John H. Miller, Jr., Sinton, for appellant.

Dale Paul Summa, Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

### OPINION

BENAVIDES, Justice.

Appellant was charged by information with the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The jury convicted appellant of driving while intoxicated, and the court then assessed a sentence of 30 days' confinement in the San

**632**

Patricio County Jail and a fine of $500.00. We reverse and acquit.

A car was found in a muddy ditch at the end of four hundred eighty-nine feet of skid marks on the pavement. Deputy Natividad Carranza of the San Patricio County Sheriff's Office arrived in response to a call from a dispatcher, and upon finding appellant at the scene and after subsequent conversation with appellant, Deputy Carranza informed appellant that he would have to stay until the highway patrol arrived to investigate the accident.

When Trooper Oscar Rivera of the Department of Public Safety arrived at the accident scene, he formulated an opinion that appellant was intoxicated and transported him to the Sinton jail. Trooper Rivera related to the jury that appellant was unable to recite the alphabet past the letter "s," refused to participate in any further sobriety tests and refused to take a breath test.

■ In his first ground of error, appellant alleges the evidence is insufficient to support a finding that he was intoxicated while operating a vehicle. "To sustain a conviction for driving while intoxicated, the evidence must show that the appellant drove the vehicle, that he drove while he was intoxicated, and that he drove on a public road or highway or a street or alley." *Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App.1975).

Deputy Carranza testified that when he arrived, appellant's car was in the ditch, and appellant was walking toward it, but stated that he did not know how long it had been from the time of the accident until the time he arrived at the scene. Trooper Rivera testified that he did not know how long it was before anybody notified any police officer about the accident. Officer Ray Ramon of the D.P.S. also stated that he had no idea how long it had been between the time the accident occurred and when he and Trooper Rivera arrived. There was no evidence at trial concerning when the dispatcher, who sent the deputy, was informed of the accident.

In its brief, the State argues that appellant was at the scene of a single car accident, and that appellant was the only person at the scene. This evidence may indicate that it was appellant who drove the vehicle, but the question is whether appellant drove while he was intoxicated.

In the instant case there was no evidence that the engine of the vehicle was still hot, *see Johnson v. State,* 517 S.W.2d at 538, or that the car was still smoking, *see Green v. State,* 640 S.W.2d 645, 648 (Tex.App.— Houston [14th Dist.] 1982, no pet). Absent any evidence in the record fixing the time of the accident, the evidence is insufficient to show that appellant drove at the time he was intoxicated. *Johnson v. State,* 517 S.W.2d at 538.

Appellant's first ground of error is sustained.

In his second, third, and fourth grounds of error, appellant complains that under the Federal Constitution, the Texas Constitution and TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979 & Vernon Supp. 1984), the trial court erred in admitting evidence of statements he made.

At trial, Deputy Carranza and Trooper Rivera were both allowed to testify that appellant told each of them the accident occurred when appellant lost control of the vehicle while attempting to change the tape in a tape player.

■ Appellant now argues that he was under arrest before those statements were made, and that the statements were the result of custodial interrogation. He alleges the officers' testimony should not have been admitted because appellant was not informed of his *Miranda* rights.

In resolving these grounds of error, we observe that the gist of appellant's statement to each officer was the same; however, the circumstances surrounding the statements differ.

Appellant testified outside the presence of the jury that he had been picked up on the side of the road by an individual who gave him a ride into Sinton. Appellant was attempting to telephone someone to help

him pull his car out when the City of Sinton Police ordered him to hang up the phone and get into their car. Appellant stated that these city officers returned him to the scene of the accident where three or four deputies, perhaps as many as five, had arrived. Appellant was left at the scene with Deputy Carranza.

Deputy Carranza testified on voir dire that appellant was not under arrest, but then stated that he told appellant he had to stay at the scene until the highway patrol arrived. He stated he was holding appellant there for the highway patrol. Deputy Carranza also stated that the investigation was going to focus on appellant, that it was his intent to keep appellant in custody until the highway patrol arrived for the purpose of investigation, and that there was probable cause to arrest appellant for a D.W.I.

In light of the above testimony, the State's position that appellant was not under arrest when the statements were made to the D.P.S. officers is untenable. By any test, appellant must be considered to have been in custody when Deputy Carranza "secured the scene" by detaining appellant. *See Ruth v. State,* 645 S.W.2d 432, 435 (Tex.Crim.App.1979).

■ However, both D.P.S. officers testified that appellant approached them as they got out of their car and greeted them with the statement appellant now complains of. A voluntary statement, not in response to any inquiry by the D.P.S. officers, and not the product of interrogation, is admissible even though made after arrest but before *Miranda* rights are explained. *Earnhart v. State,* 582 S.W.2d 444, 448 (Tex.Crim.App.1979). The record shows that the statements of appellant were voluntary, not a product of interrogation and not made in response to a inquiry by the D.P.S. officers. Accordingly, the statements were admissible. *Sanchez v. State,* 589 S.W.2d 422, 423 (Tex.Crim.App. 1979).

■ Deputy Carranza was also allowed to testify that appellant told him the accident occurred as he was changing tapes.

Deputy Carranza candidly admitted that appellant's statement was in response to his question. However, we need not decide whether Carranza's question was investigation or interrogation, for even if the court erred in admitting Carranza's testimony, the testimony of the D.P.S. officers was admissible. In *Lovel v. State,* 538 S.W.2d 630, 632 (Tex.Crim.App.1976), the court wrote, "It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were proved by other proper testimony." We therefore overrule appellant's second, third and fourth grounds of error.

■ In his fifth ground of error, appellant alleges the trial court erred in admitting the oral statements because those statements were not "res gestae" of the offense. An admission by an accused to a third party is not hearsay and is clearly admissible, *Russell v. State,* 598 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied,* 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980), thus the only prohibition against admitting appellant's statements was the confession statute. *See Garner v. State,* 464 S.W.2d 111 (Tex.Crim.App.1971). In that we have held that art. 38.22 is not applicable to appellant's volunteered statement, the court did not err in admitting same. Appellant's fifth ground of error is overruled.

■ In his sixth ground of error, appellant alleges that the trial court erred in admitting evidence that appellant refused to submit to a breath test.

Until 1977, there was an unbroken line of authority mandating that evidence of appellant's refusal to submit to a breath test was inadmissible. *Dudley v. State,* 548 S.W.2d 706, 707 (Tex.Crim.App.1977); *Clinard v. State,* 548 S.W.2d 716, 717 (Tex. Crim.App.1977); *Martinez v. State,* 548 S.W.2d 719 (Tex.Crim.App.1977); *Sutton v. State,* 548 S.W.2d 720 (Tex.Crim.App.1977).

The law in effect at the time of the instant offense was identical to that in effect when the Court of Criminal Appeals wrote *Dudley,* and appears in the 1977

bound volume of TEX.REV.CIV.STAT. ANN. art. 6701*l*–5. The information in the instant offense alleges that the criminal conduct occurred on or about September 23, 1983. Trial commenced on July 5, 1984. In the interim, art. 6701*l*–5 was amended. The amendments were effective January 1, 1984. Act of June 16, 1983, ch. 303, § 29, 1983 Tex.Gen.Laws 1568, 1607.

In its brief, the State argues that the refusal provision of the 1983 amendments was not a change in substantive law, rather it was only a change in procedure and evidence, and, therefore, appellant's refusal to submit to the test was admissible. The act, however, specifically states that an offense committed before the effective date of the act is covered by the law in effect when the offense was committed and the former law is continued in effect for that purpose. Act of June 16, 1983, ch. 303, § 28(c), 1983 Tex.Gen.Laws 1568, 1607. We conclude that the law is that which is set out in *Dudley;* therefore, the court erred in admitting evidence of appellant's refusal to submit to a breath test. *See Nevarez v. State,* 671 S.W.2d 90 (Tex.App. —El Paso 1984, no pet.).

We are aware that other courts of appeals (relying on *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983)) (dissenting opinion 459 U.S. at 566–71, 103 S.Ct. at 924–927) have held to the contrary, *see Parks v. State,* 666 S.W.2d 597 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *Ashford v. State,* 658 S.W.2d 216 (Tex.App.—Texarkana 1983, no pet.), but we are of the opinion that *Dudley* was decided on statutory as well as Texas constitutional grounds, and until the Court of Criminal Appeals sees fit to narrow the scope of the protection afforded citizens of the State, we are unwilling to do so.

█ The United States Constitution provides a minimum level of protection, not a maximum. Although federal decisions may expand the rights a State must afford to an accused, we do not believe that federal decisions should be relied upon by intermediate state appellate courts to restrict independent and non-incompatible rights given to Texas citizens by their own Texas Constitution and state laws. *See Neville,* 459 U.S. at 566–71, 103 S.Ct. at 924–27 (dissenting opinion). Appellant's sixth ground of error is sustained.

The judgment of the trial court is reversed, and an order of acquittal is entered.