Johnny Stewart **FOLK**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 3–90–049–CR.**

Court of Appeals of Texas,
Austin.

Aug. 8, 1990.

Rehearing Overruled Sept. 12, 1990.

Discretionary Review Refused
Jan. 10, 1991.

Lamar W. Hankins, San Marcos, for appellant.

William R. Henry, Asst. Dist. Atty., San Marcos, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

PER CURIAM.

The trial court found appellant guilty of driving while intoxicated, first offense. Tex.Rev.Civ.Stat.Ann. art. 6701$l$–1 (Supp. 1990). The court assessed punishment at incarceration for two years and a $500 fine, but imposition of sentence was suspended and appellant was placed on probation.

In two points of error, appellant contends the State failed to prove the corpus delicti of the offense and that the evidence is otherwise insufficient to sustain the conviction. The evidence, which was stipulated at trial, consists of the arresting officer's testimony at a pretrial suppression hearing and the officer's offense report.

Shortly after midnight on June 27, 1989, Hays County deputy sheriff Charles Coulter was driving toward San Marcos on Ranch Road 12, four miles south of Wimberly. He encountered appellant standing at the side of the road, flagging him down. The officer stopped and appellant told him that he had been driving, that he had had an accident, and that his car was on fire. Coulter observed that appellant was unsteady on his feet, smelled of beer, and had bloodshot eyes, and concluded that appellant was intoxicated.

Appellant got in the patrol car asking, "Are you going to take me to jail?" They drove to the accident scene, which was one-fourth mile from the spot where Coulter met appellant.[1] The wrecked automobile, a Subaru, was lying on its side fifteen yards from the pavement. The engine and a front tire were on fire as a result of gasoline leaking from the engine and the gas tank. The fire was extinguished and appellant was arrested, at which time he

---

1. At one point in his testimony, Coulter stated that he found appellant one and one-fourth miles from the accident scene. However, he elsewhere testified that the distance was only one-fourth mile, and this distance is also cited in the offense report. We have resolved this conflict in the evidence in the manner most favorable to the verdict.

again stated that he had been driving the wrecked car. A subsequent breath test indicated that appellant had an alcohol concentration of .20.

Although there were no skid marks on the pavement, Coulter found tracks in the shoulder of the road leading from the pavement to the Subaru, with evidence that the car had rolled completely over before coming to rest on its side. The officer found inside the Subaru an empty beer can that was still cool to the touch. There were no other persons inside the car or at the scene of the accident. The Subaru was registered in the name of Mindy Willis of Wimberly, with whom appellant was living.

In determining the sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State,* 654 S.W.2d 444, 448 (Tex. Cr.App.1983) (opinion on rehearing). The evidence in this cause establishes that a motor vehicle, the Subaru, was being driven in a public place, Ranch Road 12, immediately before the accident. Tex.Pen.Code Ann. § 1.07(a)(29) (1974). The admitted driver of the Subaru, appellant, was found standing beside the road near the accident scene, intoxicated. This evidence, together with the empty beer can found in the wrecked vehicle, is consistent with the conclusion that appellant was driving while intoxicated. However, appellant argues that the circumstantial evidence does not reasonably exclude the hypothesis that he became intoxicated after the accident, and therefore was not intoxicated while driving. *Carlsen v. State, supra.*

In this Court's opinion, appellant's innocent hypothesis is not a reasonable one, given the evidence. The accident occurred in a rural area, and there is no evidence of a nearby bar or liquor store to which appellant could have repaired following the accident. Nor is there evidence that appellant had a substantial quantity of intoxicants in the car which he might have consumed after the accident; only the single empty

beer can was found. While there is evidence that there are several residences within a mile or so of the accident scene, there is no evidence that appellant went to one of these houses, near midnight, to drink himself into intoxication following the accident. Moreover, while the time of the accident was not established with precision, the gasoline fire that was burning when the officer arrived had not had time to spread beyond the engine compartment and one front tire. When viewed in the light most favorable to the verdict, this evidence suggests that only a short period of time had elapsed between the accident and Coulter's discovery of the intoxicated appellant, and reasonably excludes even the hypothesis that appellant became intoxicated after the accident as a result of intoxicants consumed before the accident.

Appellant cites several opinions in which the evidence was found inadequate to prove that the defendant was intoxicated when he drove: *Ballard v. State,* 757 S.W.2d 389 (Tex.App.1988, pet. ref'd); *McCafferty v. State,* 748 S.W.2d 489 (Tex. App.1988, no pet.); *Reddie v. State,* 736 S.W.2d 923 (Tex.App.1987, pet. ref'd); *Coleman v. State,* 704 S.W.2d 511 (Tex. App.1986, pet. ref'd); *Sinast v. State,* 688 S.W.2d 631 (Tex.App.1985, pet. ref'd), 698 S.W.2d 153 (Tex.Cr.App.1985). These cases are factually distinguishable from the cause before us. While the time of the accident was not determined as precisely as in *Weaver v. State,* 721 S.W.2d 495 (Tex. App.1986, pet. ref'd), there is circumstantial evidence that appellant was intoxicated a short time after the accident. *See Sandoval v. State,* 422 S.W.2d 458 (Tex.Cr. App.1967); *Rawls v. State,* 318 S.W.2d 662 (Tex.Cr.App.1958); *Bucek v. State,* 724 S.W.2d 129 (Tex.App.1987, no pet.). The first point of error is overruled.

In his second point of error, appellant asserts that the State failed to corroborate his extrajudicial admissions by offering independent proof of the corpus delicti. Proof of the corpus delicti—body of the crime—may not be made by an extrajudicial confession alone. *Self v. State,* 513 S.W.2d 832 (Tex.Cr.App.1974); *Threet v.*

*State,* 250 S.W.2d 200 (Tex.Cr.App.1952). However, proof of the corpus delicti need not be made independent of an extrajudicial confession. If there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the corpus delicti. *Self v. State, supra.* The corroborating evidence is sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, when joined with the extrajudicial admission. *Fruechte v. State,* 316 S.W.2d 418 (Tex.Cr.App.1958).

 The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Threet v. State, supra.* Appellant argues that the corpus delicti was not proved in this cause because there is no evidence other than his extrajudicial statements tending to prove that he was driving the car. This argument confuses the evidence necessary to prove the guilt of a defendant with that necessary to prove the corpus delicti. *Self v. State, supra.* Provided there is other evidence that a crime was committed, the identity of the defendant as the perpetrator may rest alone upon his confession. *Thomas v. State,* 458 S.W.2d 817, 819 (Tex.Cr.App.1970). In support of his argument, appellant cites *Coleman v. State, supra,* and *Hanson v. State,* 781 S.W.2d 445 (Tex.App.1989, pet. granted). To the extent that these opinions suggest that the defendant's identity as the perpetrator is part of the corpus delicti and must be supported by evidence other than an extrajudicial confession, we decline to follow them. In any event, that the Subaru was registered to the person with whom he lived is some evidence corroborating appellant's admission that he was driving the car on the night in question. The second point of error is overruled.

The judgment of conviction is affirmed.