NUMBER 13-99-671-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



MARCOS ZAVALA,                                                               Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



             On appeal from the County
Criminal Court at Law No. 6

                                   of Harris County, Texas.

 



 

                                   O P I N I O N

 

                Before Justices Hinojosa, Castillo, and
McCormick[1]

                                  Opinion by Justice Castillo

 








Appellant, Marcos
Zavala, was convicted of driving while intoxicated in a trial before the
court.  After hearing the evidence, the
trial court found him guilty and assessed punishment at 180 days in jail,
probated for one year, and a $300.00 fine. 
In two points of error, appellant challenges the legal and factual
sufficiency of the evidence to support the conviction.   More particularly, appellant asserts that
the State failed to prove that he operated a vehicle at any specific hour of
the day while he was intoxicated.  We
affirm.

Factual Background

In late September or
early October of 1998, appellant bought a black Mustang automobile from his wife=s cousin, Pedro
Perales.  Although appellant had not
fully paid Perales for the vehicle, he had taken possession of it.








On November 29, 1998, an off-duty officer working at a restaurant near
the Southwest Freeway in Houston noticed a number of wreckers going to a nearby
location and went over to discover what had happened. At 3:40 a.m., Officer
Kristin Gibbs, of the Houston Police Department, was dispatched to the scene,
arriving on the scene at 3:48 a.m.  She
spoke first with the off-duty police officer who directed her to appellant who
was standing fifteen to twenty feet away. 
She approached appellant and asked him what happened.  He told her that he had been on the feeder
road, northbound, attempting to take the on-ramp to enter the Southwest
Freeway.  Appellant further explained to
her that a car had then run him off of the road, causing him to hit a traffic
control device that controlled entry to the freeway from the entrance ramp and
then go across the median.  Officer Gibbs
observed the car, about a tenth of a mile from the traffic control device, with
the car=s right front quarter
panel torn off, but still attached to the car by a cable.  All four tires were flat and the panel had
apparently been dragged under the car for some distance.  While appellant was talking,  Gibbs noticed an odor of an alcoholic
beverage on appellant=s breath, and on
questioning him, he admitted to having had Aa Jack Daniels and Coke@ between 11:00 and 11:30 p.m. the previous
night.  Suspicions were raised in her
mind that he was intoxicated at the time of the accident also by the fact that
he had continued driving for one-tenth of a mile with four flat tires and a Atorn-off@ front quarter panel
and that the entrance ramp was a single lane ramp, and so no vehicle could have
run him off unless it was traveling on the median.  Gibbs then inspected appellant=s car and determined
that there was no damage to his car indicating that he had been struck by
another vehicle.








Gibbs then performed a H.G.N.[2]
test on appellant, concluded he was intoxicated,[3]
and placed him under arrest at 3:55 a.m. 
She then transported appellant to the intoxication center.  While there, appellant began to cry and again
described to Officer Gibbs how he had been attempting to get on the freeway
when another car had run him off the road. 
While at the center, appellant refused a breath test and was
administered another H.G.N. test by a different officer, who observed appellant
crying and with bloodshot eyes.  
Appellant was also administered other sobriety tests by another officer,
who videotaped the tests.  Both officers
were certified to give the respective tests. 
At the center, appellant had a very strong odor of alcohol that could be
smelled three to five feet away.  Both
officers believed he was intoxicated and had lost the normal use of his mental
and physical facilities. 

At trial, Officer Gibbs testified that no one else, other than police,
defendant, and the wrecker drivers were at the scene.  She admitted that she didn=t know exactly what
time the accident took place; the vehicle was not running when she arrived; she
didn=t remember if the keys
were in the vehicle; appellant was not in the car; she did not see appellant driving;
no one told her they saw appellant drive the vehicle; and she saw no alcoholic
beverage containers at or around the scene. 
At trial, testimony was also given by Roman Flores, cousin to appellant,
who stated that, after viewing the videotape, he did not believe appellant was
intoxicated.  On cross-examination, Flores  testified that appellant had described the
accident to him and told Flores that he had been run off the road while
driving and had hit a traffic light. 

Standard of Review








In conducting a legal sufficiency review, we consider all the evidence
in the light most favorable to the prosecution and determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In
this review, we are not to reevaluate the weight and credibility of the
evidence, but rather, act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993).  

In conducting a factual sufficiency review, we also consider all the
evidence but without the prism of Ain the light most
favorable to the prosecution.@  Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).  While authorized
to disagree with the fact finder, the reviewing court must be appropriately
deferential to the fact finder=s findings so as not
to substitute its judgment for that of the fact-finder and so should act only
to prevent a manifestly unjust result.  Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).  Unless the available
record clearly reveals a different result is warranted, a reviewing court must
defer to the fact finder=s determination
concerning the weight to be given contradictory testimonial evidence.  Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App.
2000).  Under a factual sufficiency
review, the appellate court, after viewing all the evidence neutrally, is to
consider whether either the proof of guilt is so weak as to render it clearly
wrong and manifestly unjust or the verdict of guilt is against the great weight
and preponderance of the available evidence.  Id. at 11.

The Extrajudicial Statements








At the outset, we are confronted with the evidentiary effect of
appellant=s extrajudicial
statements made to Officer Gibbs, both at the scene and at the station, that he
was driving the black Mustang.  While
proof of the corpus delicti of an offense may not be made by an
extrajudicial confession alone, proof of the corpus delicti need not be
made independent of the extrajudicial confession.[4]   Self v. State, 513
S.W.2d 832, 835 (Tex. Crim. App. 1974). 
As long as there is some evidence corroborating the confession, the
confession may be used to aid in the establishment of the corpus delicti.
 Id. 

The corpus delicti of driving while intoxicated is that someone
drove or operated a motor vehicle in a public place while intoxicated.  Threet v. State, 250 S.W.2d 200,  200 (Tex. Crim. App. 1952).  In Folk v. State, 797 S.W.2d 141, 144
(Tex. App.B Austin 1990, pet. ref=d), a case very
similar to the one before us, the defendant argued that the corpus delicti
was not proven because there was no evidence other than his extrajudicial
statement tending to prove that he was driving the car.  The court there found that evidence that the
vehicle was registered to a person with whom the defendant lived was sufficient
to corroborate his admission that he was driving the vehicle that night.  Id.  In the instant case, under Folk, the
testimony of Perales that  appellant was
purchasing the vehicle and had taken possession of it is sufficient to
corroborate his statement.[5]   Id. 
We therefore find that appellant=s statements may be
used in establishing the corpus delicti in the instant case.  Id.








Sufficiency Analysis

Considering appellant=s statements then,
along with the other evidence presented, we find that the evidence is legally
and factually sufficient to show that appellant was driving the black Mustang
at the time of the accident.  Id.  Further, we find the evidence legally and
factually sufficient to show appellant was intoxicated after the accident.  See Bright v. State, 865 S.W.2d
135, 137 (Tex. App.BCorpus Christi 1993,
pet. ref=d)(citing Finley v.
State, 809 S.W.2d 909, 913 (Tex. App.BHouston [14th Dist.]
1991, pet. ref=d))(jury could
consider defendant=s failure to submit to
a breath test as evidence of driving while intoxicated); Little v. State,
853 S.W.2d 179, 183 (Tex. App.BCorpus Christi 1993,
no pet.)(the uncorroborated testimony of an arresting officer alone is
sufficient to establish intoxication); Hargrove v. State, 774 S.W.2d
771, 772 (Tex. App.BCorpus Christi 1989,
pet. ref=d)(testimony of
officers sufficient to establish intoxication); see also Tex. Transp. Code Ann. '724.061 (Vernon 1999)(evidence that
defendant refused breath test may be introduced into evidence at trial).  But
this is not the end of our inquiry.  Even
though the evidence is sufficient to show appellant was intoxicated at the time
of his arrest, and that he did drive a vehicle, the question more precisely
before us is whether we must consider whether the evidence is sufficient to
show that appellant drove while he was intoxicated.  








Appellant argues that the evidence is insufficient to show that he was
intoxicated at the time he was operating the motor vehicle because the
time of the accident was not established nor was it established that he was
intoxicated at the time of the accident. 
Appellant argues that as the State failed to Afix@ the time of the
accident, or more specifically, the time of appellant=s driving and his
intoxication, the conviction must be reversed and an acquittal entered.[6]  For support, appellant cites Purvis v.
State, 4 S.W.3d 118 (Tex. App.BWaco 1999, no pet.);
  Folk, 797 S.W.2d at 141;[7]  Thomas v. State, 756 S.W.2d 59 (Tex.
App.BTexarkana 1988, pet.
ref=d); McCafferty v.
State, 748 S.W.2d 489 (Tex. App.BHouston [1st Dist.]
1988, no pet.); Coleman v. State, 704 S.W.2d 511 (Tex. App.BHouston [1st Dist.]
1986, pet. ref=d); Sinast v. State,
688 S.W.2d 631 (Tex. App.BCorpus Christi), pet.
ref=d per curium, 698 S.W.2d 153 (Tex.
Crim. App. 1985); and Green v. State, 640 S.W.2d 645 (Tex. App.BHouston [14th Dist.]
1982, no pet.).

We note, first of all, that the analysis relied upon by appellant in Green
actually only went to the proof that the respective defendants had driven the
vehicle at all, not whether they were intoxicated at the time of the driving.  Green, 640 S.W.2d at 647.  As such, that case is not applicable to the
present question.   













As for the remaining cases, and indeed all of the cases cited by
appellant to support this argument but one,[8]
they are pre-Geesa cases so the reviewing courts were required to apply
the exclusion of a reasonable hypothesis analytical construct.  Geesa v. State,  820 S.W.2d 154, 158 (Tex. Crim. App. 1991), overruled in
part on other grounds, Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).  In other words, as to a conviction based on
circumstantial evidence, the State had to exclude all reasonable hypotheses,
other than the defendant=s guilt, in order for
the evidence to be found sufficient on appeal. 
Carlsen v. State, 654 S.W.2d 444, 447 (Tex. Crim. App. 1983), overruled
by Geesa v. State,  820 S.W.2d 154,
161(Tex. Crim. App. 1991).  In a driving
while intoxicated case, this might include the hypothesis that a defendant
might have become intoxicated after an accident in which he had been driving.  See, e.g., McCafferty,
748 S.W.2d at 491(noting A[t]he State did not
ask [the witness] whether appellant had anything to drink while waiting for the
wrecker, and thus did not exclude this hypothesis.@).  The reasonable hypothesis analytical
construct  was overturned in Geesa,
and no longer binds this Court.  Geesa,  820 S.W.2d at 161.  Of the cases cited by appellant, only Purvis
v. State, is a post-Geesa case. 
Thus appellant=s cited pre-Geesa
authorities are Anot controlling and of
limited value.@[9]   Barton v. State, 882 S.W.2d 456, 458-59
(Tex. App.BDallas 1994, no
pet.)(referring to several pre-Geesa authorities, including McCafferty
and Sinast); see also Chaloupka v. State, 20 S.W.3d
172, 175 (Tex. App.BTexarkana 2000, pet.
ref=d)(declining to follow
McCafferty and Coleman); Purvis, 4 S.W.3d at 120 (declining
to apply McCafferty and Sinast).

Moreover, in the three cases cited by appellant which do not
specifically indicate they were decided under the reasonable hypothesis
analytical construct, Thomas, Coleman, and Sinast, we do not read
them as narrowly as appellant.  Appellant
argues that these cases stand for the principle that where the State does not
establish the specific time of the defendant=s driving which caused
the accident, the conviction cannot be maintained because no nexus can be
established between the intoxication and the driving admitted to by
appellant.  We disagree.








Proof of the precise time of an accident or of driving is not the sine
qua non of driving while intoxicated. 
Such proof is in itself not critical, except as it establishes  the time during which the fact finder must
consider the defendant=s state and determine
whether during that episode of driving the defendant was intoxicated.   Thus the critical issue is that there must
be proof from which the fact finder can conclude that at the time of the
driving in question, whenever that might be, the defendant was intoxicated, in
other words, a Alink@ between the driving
and the intoxication.  See Thomas,
756 S.W.2d at 61(AWe must next examine
the evidence to determine its sufficiency . . . to link Thomas=s intoxication to the
time when the collision occurred.@); Coleman, 704
S.W.2d at 512 (describing Duran v. State, 352 S.W.2d 739 (Tex. Crim.
App. 1962), upon which the Coleman court relied, as holding that Aevidence held
insufficient where defendant was shown to be intoxicated, and the driver of the
auto, but no evidence linked the time of the accident with the time of his
intoxication.@).  Thus the purpose of establishing a time for
the driving is Ato furnish the jury
with an informed basis for determining the relationship, if any, between the
accused=s driving and his
intoxication, if proven.@  Kennedy v. State, 797 S.W.2d  695, 697 (Tex. App.BHouston [1st Dist.]
1990, no pet.)








In the present case, there is evidence in the record before us to
allow us to determine that relationship and to show that appellant drove the
black Mustang while intoxicated.  As we
have stated previously, there is sufficient evidence to show that appellant
drove the vehicle at the time of the accident. 
While the time of his driving was not specifically fixed in the record,
it was sometime between 11:00 or 11:30 p.m., when appellant testified he drank
an alcoholic beverage,[10]
and 3:40 a.m., at which time the police were dispatched to the accident
site.  Appellant was asked by Officer
Gibbs after the accident whether he had had any alcoholic beverages and
indicated none aside from the one he claimed he drank between 11:00 and 11:30
p.m.  Thus, any intoxication under which
appellant was laboring at the time of the arrest and at the intoxication
center, by his own admission, must have had its origin in the drink, or drinks,
which he had no later than 11:30 p.m.  Hence, there is no possibility that appellant
could have gotten intoxicated after the accident.[11]  Therefore, since appellant=s intoxicated state at
the time of his arrest could only have arisen from his drinking at around 11:00
to11:30 p.m. the night before, it follows that appellant must have been
intoxicated between those time periods, which would have included the time of
the accident.  Thus the evidence is
sufficient to establish that, whatever time the accident occurred, it occurred
at a time during which he was intoxicated. 
See  Purvis, 4 S.W.3d at
119, 121-22 (where AGood Samaritan@ found a car in ditch,
with defendant therein passed out, and when trooper arrived, defendant smelled
of alcohol, appeared intoxicated, admitted driving at the time of the accident,
and admitted drinking four beers before accident, evidence sufficient even
though time of accident never established).[12]


We find that a reasonable trier of fact could have found that
appellant was intoxicated at the time he drove the motor vehicle and that the evidence
of the same was not so weak or against the overwhelming weight of the evidence
as to be manifestly unjust.  We therefore
find the evidence both legally and factually sufficient to sustain appellant=s conviction for
driving while intoxicated and overrule both of appellant=s issues.








Conclusion

Having overruled both of appellant=s issues, we affirm the judgment of conviction.                                              

ERRLINDA
CASTILLO

Justice

 

Dissenting opinion by
Retired Judge Michael J. McCormick.

 

Publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 12th day of
September, 2002.

 

 

------------------------------------------------------------------------------------------------------------



          




 
 
 
 
 
 
 
 
 




 

 

 

 

 

 

                                   NUMBER
13-99-671-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MARCOS ZAVALA,                                                               Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

             On
appeal from the County Criminal Court at Law No. 6

                                   of
Harris County, Texas.

___________________________________________________________________

 

                            DISSENTING
OPINION

 

                Before
Justices Hinojosa, Castillo, and McCormick[13]

                       Dissenting
Opinion by Justice McCormick

 












The majority concludes that the evidence in this case is sufficient to
support the conviction.  Because I do not
believe the evidence to be legally sufficient, I file this dissenting opinion.

Appellant, Marcos Zavala, was convicted of driving while intoxicated
in a trial before the court.  Following a
finding of guilty, the trial court assessed punishment at 180 days in jail
probated for one year, a $300.00 fine, and 24 hours of community service.  In two points of error, appellant challenges
the legal and factual sufficiency of the evidence to support the conviction.
More particularly, he complains that the State failed to prove beyond a
reasonable doubt that appellant was intoxicated at the time he operated a motor
vehicle in that the evidence failed to establish any specific hour of the day
appellant operated the vehicle.

Appellant entered a plea of not guilty to an information alleging that
while intoxicated by not having the normal use of his mental and physical
faculties by reason of the introduction of alcohol into his body, he operated a
motor vehicle in a public place.  The
State first called Pedro Perales as a witness. 
He testified that the appellant was married to his cousin and that
sometime in late September or early October prior to an accident in November,
he transferred possession of a black Mustang to the appellant.












Officer Kristin Gibbs of the Houston Police Department testified that
at 3:40 a.m. on November 29, 1998, she was dispatched to an accident scene on
the Southwest Freeway, and that she arrived on the scene at 3:48 a.m.  She first encountered an off duty police
officer who directed her to appellant who was standing 15 to 20  feet away. 
She testified that appellant admitted driving a black Mustang that was
parked on the side of the road with its right front quarter panel torn off and
all four tires flat.  Appellant told
Officer Gibbs that he was attempting to enter the freeway when he was run off
the road and struck a traffic control device that controlled entry to the
freeway from the entrance ramp.

Officer Gibbs further testified that the black Mustang was about
one-tenth of a mile from where the impact with the traffic control device
occurred, and that the front panel of the vehicle was still connected to the
vehicle by a cable and that the panel had been drug along the ground from the
point of impact.  She also testified that
she smelled alcohol on appellant who admitted to having had one drink at around
11:00 p.m. the night before.  She
performed an H.G.N.[14]
test on the appellant and concluded he was intoxicated and placed him under
arrest at 3:55 a.m.  She then transported
appellant to the intoxication center where appellant refused a breath test, was
administered another H.G.N. test, and was videotaped.












Officer Gibbs further testified that she saw no one else at the scene,
she didn=t know what time the
accident took place, she didn=t know if the keys
were in the Mustang, no one told her they saw appellant drive the vehicle, and
she saw no alcoholic beverage containers at or around the scene.  Assuming, arguendo, that appellant was
intoxicated at 3:55 a.m., and later at 5:00 a.m. at the intoxication center, is
the evidence sufficient to show that appellant operated the black Mustang while
intoxicated?

As an appellate court called upon to review the legal sufficiency of
the evidence, we must examine all of the evidence in the record in order to
determine if any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.[15]  This standard is applied to both direct and
circumstantial evidence cases.[16]  If there is evidence that establishes guilt
beyond a reasonable doubt, and the trier of fact believes that evidence, the
appellate court does not reverse the judgment on sufficiency of the evidence
grounds.[17] Any inconsistencies in the evidence are
resolved in favor of the judgment.[18]  This Court must not sit as a thirteenth juror
and disregard or reweigh the evidence.[19]












At the outset, we are confronted with the evidentiary effect of
appellant=s extrajudicial
statement to Officer Gibbs that he was driving the black Mustang.  The rule is that proof of the corpus delicti
may not be made by an extrajudicial confession alone, but proof of the corpus
delicti need not be made independent of the extrajudicial confession.  If there is some evidence corroborating the
confession, the confession may be used to aid in the establishment of the corpus
delicti.[20]

The corpus delicti of driving while intoxicated is that someone
drove or operated a motor vehicle in a public place while intoxicated.[21]  In Folk v. State,[22]
a case very similar to the one before us, the defendant argued that the corpus
delicti was not proved because there was no evidence other than his
extrajudicial statement tending to prove that he was driving the car.  The court correctly noted:

This argument confuses the evidence necessary to prove the guilt of a
defendant with that necessary to prove the corpus delicti.  Provided there is other evidence that a crime
was committed, the identity of the defendant as the perpetrator may rest alone
with his confession.  Thomas v. State,
458 S.W.2d 817 (1970).  In support of
his argument, appellant cites Coleman v. State, 704 S.W.2d 511 (1986,
pet ref=d), and Hanson v.
State, 781 S.W.2d 445 (1989, pet. granted). 
To the extent that these opinions suggest that the defendant=s identity as the
perpetrator is part of the corpus delicti and must be supported by
evidence other than an extrajudicial confession, we decline to follow them.

 












Following Folk, supra, the evidence is sufficient to show that
appellant was driving the black Mustang. 
But this is not the end of our inquiry, even though the evidence is
sufficient to show appellant was intoxicated at the time of his arrest.  The question remains whether appellant drove
while he was intoxicated.  We answered
this question in Sinast v. State:[23]

In the instant case there was no evidence that the engine of the
vehicle was still hot, see Johnson v. State, 517 S.W.2d 536 (Tex. Crim.
App. 1975), or that the car was still smoking, see Green v. State, 640
S.W.2d 645 (Tex. App.--Houston [14th Dist] 1982, no pet.).  Absent any evidence in the record fixing the
time of the accident, the evidence is insufficient to show that appellant drove
at the time he was intoxicated.[24]

 

As in Sinast, there is no evidence in the record before us to
show when the appellant drove the black Mustang.  Contrary to the assertions made by the
majority, the appellant at no time stated he had drunk alcohol prior to
the accident.

There being absolutely no evidence of the time of the offense, the
evidence is legally insufficient to show that appellant drove at the time he
was intoxicated.  The judgment of the
trial court should be reversed, and this cause remanded to the trial court with
instructions that a judgment of acquittal be entered.

Because the majority fails to do so, I respectfully dissent.

Michael
J. McCormick

Assigned
Justice             

 

Publish.

Tex.
R. App. P.
47.3.

Dissenting opinion
delivered and filed

this 12th day of
September, 2002.                                  



 











[1] Retired
Court of Criminal Appeals Judge Michael J. McCormick assigned to this Court by
the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003
(Vernon
1998).





[2]
Horizontal
gaze nystagmus.





[3] Gibbs admitted that she was
not certified to do the H.G.N. test but had received training on how to
administer the test.





[4]
The court in Self seemed to question the continued
viability of the corroboration requirement, noting AA
traditional distrust for the reliability of extrajudicial confessions has
caused most jurisdictions to require their corroboration. This earlier distrust
may now be dissipating because of the greater reliability that may be attributed
to confessions as a result of the application of recent decisions such as Miranda
v. Arizona, 834 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Jackson
v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 
L.Ed.2d 908 (1964).@
 Self v. State, 513 S.W.2d 832,
836-37 (Tex. Crim. App. 1974). 





[5]  Appellant=s
statements were also corroborated by the condition of the vehicle, which was
damaged by the accident in which he stated he was involved.  





[6] Although
appellant raises an issue as to the factual sufficiency of the evidence, for
which, if sustained, the proper relief would be a new trial, see Clewis
v. State, 922 S.W.2d 126,133-34 (Tex. Crim. App. 1996), the only relief
requested by appellant in his brief is for an acquittal.





[7] We
assume that the case cited in this section and styled as Self v. State,
but with the citation for Folk v. State, is meant as a citation to Folk
since Self does not involve a driving while intoxicated conviction.





[8]
Purvis v. State, 4 S.W.3d 118 (Tex. App.BWaco
1999, no pet.).





[9] Of the pre-Geesa cases
cited by appellant, three, McCafferty, Folk and Green,
expressly referenced the reasonable hypothesis analytical construct.  McCafferty v. State, 748 S.W.2d 489,
491 (Tex. App.BHouston
[1st Dist.] 1988, no pet.); Folk v. State, 797 S.W.2d 141,143 (Tex. AppBAustin
1990, pet. ref=d); Green
v. State, 640 S.W.2d 645,647 (Tex. App.B Houston [14th Dist.] 1982,
no pet.).  





[10]
Appellant=s statement
that he had last drank an alcoholic drink the previous night indicates
that the drink occurred prior to the accident.





[11]
At trial, appellant took some pain to establish that there were no alcoholic
beverages found in or around the vehicle. 
This, considered in light of appellant=s
statement of only having one drink the previous night, eliminates the
possibility that he drank while he was driving or after he had the accident as
the AJack Daniels
and Coke@ must have been
consumed in a location away from the vehicle. 
Appellant did not claim either below or on appeal that he had the
accident prior to 11:00 or 11:30 p.m., retired to a bar or elsewhere for a
drink, then returned to the scene to await the arrival of the police at the
scene, the access road of a major freeway, some five hours later.  Even under the old overruled reasonable
hypothesis analytical construct, this theory would not have been a reasonable
hypothesis. 





[12] Despite
citing Purvis for support, appellant argues that Purvis is
distinguishable because appellant, unlike the defendant in Purvis, was not
found in the vehicle, nor were the headlights on.  Purvis, 4 S.W.3d at 121.  As we read Purvis, these factors were
considered as some of the evidence corroborating the defendant=s
statements and not the determinative factors in the case.  Purvis, 4 S.W.3d at 122.





[13]Retired
Judge Michael J. McCormick assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t
Code Ann. ''
74.003 and 75.002 (Vernon
1998).





[14]Horizontal
gaze nystagmus.





[15]Criner
v. State, 860 S.W.2d 84 (Tex. Crim. App. 1992), and Jackson v.
Virginia, 443 U.S. 307,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).





[16]Chambers
v. State, 805 S.W.2d 459 (Tex. Crim. App. 1991).





[17]Moreno v.
State, 755 S.W.2d 866 (Tex. Crim. App. 1988).





[18]Matson
v. State, 819 S.W.2d 839 (Tex. Crim. App. 1991).





[19]Moreno,
supra, at 867.





[20]Self
v. State, 513 S.W.2d 832 (Tex. Crim. App. 1974).  The Court in Self seemed to question the
continued viability of the rule: AA traditional distrust for
the reliability of extrajudicial confessions has caused most jurisdictions to
require their corroboration.  This
earlier distrust may now be dissipating because of the greater reliability that
may be attributed to confessions as a result of the application of recent
decisions such as Miranda v. Arizona, 834 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d
694 (1966), and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
694 (1966), and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979).





[21]Threet
v. State, 250 S.W.2d 200 (Tex. Crim. App. 1952).





[22]797
S.W.2d 141 (Tex. App.--Fort Worth 1990, pet. ref=d).





[23]688
S.W.2d 631 (Tex. App.--Corpus Christi 1985).





[24]Id. at
632.