# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00889-CR

**James Clayton Sorrells, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2007-358, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James Clayton Sorrells pleaded guilty to the offense of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). Punishment was assessed at two years in state jail, but the district court suspended imposition of the sentence and placed Sorrells on probation for four years. Subsequently, the State filed a motion to revoke probation, alleging that Sorrells had violated the terms and conditions of his probation by committing the offense of driving while intoxicated and consuming an alcoholic beverage. Following a hearing, the district court found the allegations to be true, revoked Sorrells's probation, and sentenced him to two years in state jail. In a single point of error on appeal, Sorrells asserts that the district court abused its discretion in revoking his probation because the evidence was insufficient to prove that he violated his probation. We will affirm the judgment of the district court.

# STANDARD OF REVIEW

We review a trial court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable minds might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). In probation revocation proceedings, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493-94.

We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). We defer to the trial court's assessment of the credibility of the witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. When more than one violation of the conditions of community supervision is found by the trial court, proof by a preponderance of the evidence of any one of the alleged violations is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Atchison v. State*, 124 S.W.3d 755, 758 (Tex. App.—Austin 2003, pet. ref'd). Thus, the trial court's judgment will be upheld if the evidence

2

is sufficient under any ground alleged. *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981).

## ANALYSIS

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2011). Sorrells asserts that the evidence is insufficient to prove that he committed the offense of driving while intoxicated because the State "did not offer any evidence establishing at what time Appellant operated a motor vehicle." Sorrells further claims that the evidence is insufficient to prove that he consumed an alcoholic beverage on a certain date because the State failed to present evidence of the time when he had consumed alcohol.

The evidence tends to show that at approximately 1:40 a.m. on November 21, 2010, Officer Kendall Wells of the Bandera Police Department observed a motorcycle lying on its side outside the driveway of a motel. Wells testified that he pulled into the motel parking lot and spoke to a man standing next to the motorcycle, later identified as Sorrells, who told him that the motorcycle had stalled and that he was trying to push it into the parking lot. According to Wells, as he spoke with Sorrells, he "detected the odor of alcohol about his person and his breath" and "a slurred, mumbled speech." Wells also testified that during their conversation, Sorrells had admitted to having "a few drinks," and Wells noted that there was a bar "within about 500 yards" of where Sorrells had been found.

Wells proceeded to conduct a DWI investigation. Wells administered the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg-stand test. Wells testified that

on the HGN test, he observed the maximum of six intoxication clues; that on the walk-and-turn test, Sorrells "performed poorly" by "stepping offline," "missing heel to toe," "raising his arms," "doing the wrong number of steps," and "doing an improper turn"; and that on the one-leg-stand test, Sorrells was "swaying while balancing," "used his arms for balance," and "put his foot down during the test." Based on the results of the field sobriety tests and his training and education, Wells "determined that [Sorrells] was impaired and under the influence of alcohol."

Wells placed Sorrells under arrest for driving while intoxicated, advised him of his rights, and requested a breath specimen. Sorrells refused, and Wells obtained a search warrant to draw Sorrells's blood. Subsequent analysis of the blood specimen revealed that Sorrells had a blood alcohol level of 0.25 grams of alcohol per 100/mL of blood, which was slightly more than three times the legal limit.

Sorrells claims that because Wells did not actually observe him driving the motorcycle, there is no evidence tending to show that Sorrells was operating the motorcycle at the time he was intoxicated. *See Sinast v. State*, 688 S.W.2d 631, 632 (Tex. App.—Corpus Christi 1985), *pet. ref'd per curiam*, 698 S.W.2d 153 (Tex. Crim. App. 1985) (holding that evidence was insufficient to sustain DWI conviction where there was no evidence tending to show at what time vehicle was operated). We disagree. Wells testified that during their conversation, Sorrells had told him "that he was coming into the parking lot and hit loose gravel and it caused the motorcycle to fall." And during that same conversation, Wells had smelled alcohol on Sorrells's breath and person and had heard Sorrells mumbling and slurring his speech. Shortly thereafter, Wells had observed Sorrells exhibit signs of intoxication during the field sobriety tests. From this and other evidence, the district court could have reasonably inferred that Sorrells had operated the motorcycle during

4

the time he was intoxicated. Viewing the above evidence in the light most favorable to the district court's ruling, we conclude that it is sufficient to prove by a preponderance of the evidence that Sorrells had violated his probation by committing the offense of driving while intoxicated.

Alternatively, the evidence is also sufficient to show that Sorrells had violated his probation by consuming an alcoholic beverage. Wells testified that Sorrells had told him that he had had "a few drinks" and that Sorrells had been found within 500 yards of a bar, and an analysis of Sorrells's blood revealed his blood alcohol level to be .25, over three times the legal limit. From this and other evidence, the district court could have reasonably inferred that Sorrells had consumed alcohol on the night in question.

We cannot conclude on this record that the district court abused its discretion in revoking Sorrells's probation. We overrule Sorrells's sole point of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 11, 2012

Do Not Publish

5