MARY'S OPINION HEADING 




















NO. 12-05-00429-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

WESLEY LEE PATTERSON,                     §                      APPEAL FROM THE 

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      HENDERSON COUNTY, TEXAS

                                                                    
                                                                                       

MEMORANDUM
OPINION

            A jury convicted Appellant of the offense of “Driving
While Intoxicated–First Offense.”  The
court assessed his punishment at confinement for 180 days, probated for two
years, and a $1,000 fine.  In one issue,
Appellant challenges the legal and factual sufficiency of the evidence.  We affirm.

 

Background

            On the evening of August 19, 2003, Texas Department of
Public Safety Trooper Bryan Barnhart responded to a call to investigate a
traffic accident on State Highway 198. 
He promptly arrived at the scene to find a three car collision.  Two of the vehicles were still in the roadway,
and Trooper Barnhart asked a sheriff’s deputy who arrived at the crash site to
direct traffic to keep the traffic moving on the highway.








            Trooper Barnhart determined that the lead car driven by a
Ms. Pratt had stopped behind a vehicle waiting to make a left turn.  The second car, driven by Appellant and
registered in his name, collided with the rear of the Pratt car.  A third vehicle quickly collided with
Appellant’s vehicle.  Each of the drivers
identified themselves.  Appellant said he
was the driver of the second car.  The
only passenger in any of the vehicles, Ms. Pratt’s daughter, was taken by
ambulance to a hospital in Athens.

            During his investigation, Trooper Barnhart detected the
odor of an alcoholic beverage about Appellant. 
He also noticed that Appellant had difficulty understanding and
following instructions and that he leaned on the patrol car for support.  Appellant told Trooper Barnhart he had one
beer an hour and a half before. 
Appellant failed several field sobriety tests.  Trooper Barnhart determined Appellant was
intoxicated and placed him under arrest. 
During the trip to jail with Trooper Barnhart, Appellant became increasingly
hostile, profane, and threatening.  On
arrival at the jail, Appellant refused to sign the statutory warning required
before a suspect is asked to give a breath or blood sample.  He refused an intoxilyzer test.  At the scene, Appellant had refused to be
sent to the hospital.  But at the jail he
started complaining of some pain, and he was taken to the hospital.

            Trooper Barnhart was the State’s only witness.  The State introduced two videotapes that
showed much of what transpired at the accident scene and at the DWI testing
area of the jail.  On the video, Ms.
Pratt, the driver of the first car, said that she saw Appellant’s vehicle
behind her before the accident and that she believed Appellant should have had
time to stop before striking her vehicle.

            Appellant presented no evidence.

 

Legal and Factual Sufficiency

            In his sole issue, Appellant contends the evidence is
legally and factually insufficient to support his conviction.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S.
307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L.
Ed. 2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), the court of criminal
appeals explained the factual sufficiency standard.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand.  This
standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

Applicable Law

            In order to sustain a conviction for driving while
intoxicated, the State must show that Appellant (1) drove or operated a motor
vehicle (2) while intoxicated (3) in a public place.  Tex.
Pen. Code Ann. § 49.04 (Vernon 2003). 
An accused’s extrajudicial confession cannot, by itself, establish the
essential elements of the offense.  Weaver
v. State, 721 S.W.2d 495, 498 (Tex. App.–Houston [1st Dist.] 1986, pet.
ref’d); see also Self v. State, 513 S.W.2d 832, 835 (Tex. Crim.
App. 1993) (proof of the corpus delicti may not be made by an extrajudicial
confession alone).  If there is evidence
corroborating the extrajudicial statement, the extrajudicial statement can be
used with the other evidence to establish the corpus delicti.  Fisher v. State, 851 S.W.2d
298, 302 (Tex. Crim. App. 1993).  The
corroborating evidence need not be sufficient in itself to prove the offense
charged.  Self, 513 S.W.2d
at 835.  The evidence is sufficient if
the corroborating evidence joined with the extrajudicial statement permits a
rational finding of guilt beyond a reasonable doubt.  Folk v. State, 797 S.W.2d 141,
144 (Tex. App.–Austin 1990, pet. ref’d).

            Evidence that a defendant was intoxicated at the time the
officers arrived at the scene of an automobile accident is insufficient to
support a driving while intoxicated conviction, absent evidence that the
defendant was intoxicated at the time he was driving.  Coleman v. State, 704 S.W.2d
511, 512 (Tex. App.–Houston [1st Dist.] 1986, pet. ref’d).  To sustain a conviction for this offense,
there must be evidence linking the time of the accident with the time of
intoxication.  Id.

Discussion








            Appellant first argues that there is no evidence
corroborating his extrajudicial admission to Trooper Barnhart that he was the
driver of one of the vehicles in the accident. 
He contends that in the absence of evidence corroborating that
extrajudicial admission, the State has failed to establish the corpus delicti
of the offense of driving while intoxicated. 
We disagree.  

            Trooper Barnhart identified the drivers and occupants of
all three cars involved.  There is no
evidence that there was another occupant of Appellant’s vehicle.  The vehicle was registered in his name.  No companion appeared on the videotape.  Appellant was apparently intoxicated at the
scene.  His complaints of pain are
further proof of his involvement in the collision.  There is sufficient evidence to establish the
corpus delicti of the offense.

            Appellant next contends there is insufficient evidence to
establish that he was intoxicated at the time he was driving.  Appellant emphasizes that the State presented
no evidence of when the accident occurred. 
He argues that there is therefore no evidence that he was intoxicated at
the time he was driving.

            Trooper Barnhart arrived at the scene within a minute of
receiving the report of the accident. 
Traffic was still backed up down Highway 198.  Appellant refused to be taken to the
hospital, but Ms. Pratt’s daughter was sent to the Athens hospital by ambulance.  Because this was an accident involving
injuries, it may be reasonably inferred that it was reported quickly after it
occurred.  The traffic congestion still
present when Trooper Barnhart arrived reinforces that inference.  There is no evidence that might indicate
Appellant started drinking after the accident. 
There is no evidence that alcoholic beverages or their empty containers
were found in Appellant’s vehicle. 

            Appellant admitted he had consumed one beer “an hour and
a half ago.”  He refused the intoxilyzer
test.  He failed all the field sobriety
tests Trooper Barnhart administered.  He
needed to lean on the patrol car for balance. 
He had difficulty in understanding and following Trooper Barnhart’s
instructions.  After his arrest, he
became hostile, profane, and threatening. 


            This evidence provides ample support for the State’s
contention that Appellant was intoxicated at the time he was driving.

            

            Conclusion

            We conclude that measured against the appropriate
standards of review, the evidence supporting Appellant’s conviction is both
legally and factually sufficient. 
Appellant’s sole issue is overruled.

             The judgment of
the trial court is affirmed.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

Opinion
delivered July 12, 2006.

Panel
consisted of Worthen, C.J., Griffith,
J., and Bass, Retired Justice, Twelfth
 Court of Appeals, Tyler
,
sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)












 
 
 
 
 
 
 


 

 

 

 

 



[1] 

COURT
OF APPEALS

TWELFTH
COURT OF APPEALS DISTRICT OF TEXAS

JUDGMENT

 

JULY
12, 2006

 

NO.
12-05-00429-CR

 

WESLEY
LEE PATTERSON,

Appellant

V.

THE
STATE OF TEXAS,

Appellee

 

                                                                                                                                                           

  Appeal from the County Court at Law

  of Henderson
 County, Texas.
(Tr.Ct.No. 04-0037CL)

 

                                                                                                                                                           

 

 

                                    THIS CAUSE came to be heard on
the appellate record and briefs filed herein, and the same being inspected, it
is the opinion of this court that there was no error in the judgment.

                                    It is therefore ORDERED, ADJUDGED
and DECREED that the judgment of the court below be in all things affirmed,
and that this decision be certified to the court below for observance.

                                    Bill Bass, Justice.

                                    Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice,

                                                Twelfth Court of Appeals, Tyler
, sitting by assignment.

 








THE STATE OF TEXAS

M A N D
A T E

*********************************************

 

 

TO THE COUNTY COURT AT LAW of HENDERSON COUNTY, GREETING: 

 

            Before our Court of Appeals for the 12th Court of Appeals
District of Texas, on the 12th day of June, 2006, the cause upon appeal to
revise or reverse your judgment between

 

WESLEY
LEE PATTERSON, Appellant

 

NO. 12-05-00429-CR;
Trial Court No. 04-0037CL

 

Opinion
by Bill Bass, Justice.

 

THE STATE OF TEXAS, Appellee

 

was
determined; and therein our said Court made its order in these words:

 

            “THIS CAUSE came to be heard on the
appellate record and briefs filed herein, and the same being inspected, it is
the opinion of this court that there was no error in the judgment.

 

            It is therefore ORDERED, ADJUDGED
and DECREED that the judgment of the court below be in all things affirmed,
and that this decision be certified to the court below for observance.”

 

            WHEREAS, WE COMMAND YOU to
observe the order of our said Court of Appeals for the Twelfth Court of Appeals
District of Texas in this behalf, and in all things have it duly recognized,
obeyed, and executed.

 

            WITNESS, THE HONORABLE JAMES T.
WORTHEN, Chief Justice of our Court of Appeals for the Twelfth Court of
Appeals District, with the Seal thereof affixed, at the City of Tyler, this the ______
day of __________________, 200____.








 

                                    CATHY
S. LUSK, CLERK

 

 

                                    By:_______________________________

                                         Deputy Clerk













 [1]J.1       CIVIL - AFFIRMED

                  Vanilla judgment

                  Appellant & Sureties to
pay costs