**Affirmed and Opinion Filed January 23, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00167-CR

**JAMES BERNARD PACE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB14-58096-B**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

Appellant was arrested for driving while intoxicated after he backed his car into a parked vehicle. A jury found him guilty of the offense and the trial court sentenced him to 120 days in jail, probated for twelve months, and a $500 fine.

In a single issue, appellant now argues that the evidence is insufficient to support his conviction because (i) in violation of the corpus delicti rule, his extrajudicial statement is the only evidence that he was operating his vehicle; (ii) there is no temporal link between his operation of the vehicle and his intoxication; and (iii) there is no evidence that he operated his vehicle in a public place.

We conclude that the evidence is sufficient to support appellant's conviction because (i) there was also evidence that the another person saw appellant operate his vehicle during and after an accident; (ii) the circumstances suggested that the accident occurred in a public place; and (iii)

appellant's state of intoxication post-accident would support an inference that he was intoxicated when the accident occurred. We thus affirm the trial court's judgment.

## I. Background

Officer Albert Chacon responded to a request for a DWI officer at 2600 Worthington Street, a public location, between 12:15 and 12:30 a.m. early one morning. Appellant was standing by his vehicle when Chacon arrived and told Chacon that he had backed into an unoccupied vehicle. Appellant also said that he had consumed three beers and two cocktails that night, and had his last drink at around 9:00 p.m.

After speaking with the owner of the vehicle appellant backed into who was also at the scene, interviewing appellant, and performing sobriety tests, Chacon arrested appellant for driving under the influence.

Additional testing, including an intoxilyzer test, was performed at the jail. The intoxilyzer results showed that appellant had blood alcohol concentrations of 0.102 at 2:07 a.m. and 0.097 at 2:10 a.m.

Appellant was charged by information and affidavit with driving under the influence, and a jury found him guilty of that offense. The trial court sentenced him to 120 days in jail, probated for twelve months, and a $500 fine.

## II. Analysis

In a single issue, appellant argues that the evidence is insufficient to support his conviction because (i) his extrajudicial statement is the only evidence that he was operating his vehicle and therefore the corpus delicti rule is not satisfied; (ii) there is no temporal link between his operating the vehicle and his intoxication; and (iii) there is no evidence that he operated his vehicle in a public place. As discussed below, we disagree.

## A.    Standard of review and applicable law

We review the sufficiency of evidence to support a conviction by viewing all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard gives full play to the fact finder's responsibility to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

Under this standard, the fact finder is the sole judge of the evidence's weight and credibility. *See* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murra*y, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49.

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170; *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

A person commits the offense of driving while intoxicated if "the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE § 49.04(a). Thus, the State must prove that (1) a person; (2) is intoxicated; (3) at the time of; (4) operating; (5) a motor vehicle; (6) in a public place. *See State v. Bara*, No. 11-15-00158-CR, 2016 WL 4118659, at *4

(Tex. App.—Eastland July 28, 2016, no pet.).  As applies here, "intoxicated" means "not having normal use of mental or physical faculties by reason of the introduction of alcohol" or having an alcohol concentration of 0.08 or more.  TEX. PENAL CODE § 49.01(2); *Scillitani v. State*, 343 S.W.3d 914, 917 (Tex. Crim. App. 2011) (per curiam).

**B.     Was the corpus delicti rule satisfied?**

Appellant argues that the corpus delicti rule is not satisfied because there is no evidence other than his extrajudicial statement to show that he was operating his vehicle.  We disagree.

The corpus delicti rule concerns evidentiary sufficiency in cases where there is an extrajudicial confession.  *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  The rule states that, "[w]hen the burden of proof is beyond a reasonable doubt, a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the corpus delicti." *Id.*

To satisfy the corpus delicti rule, there must be "evidence independent of a defendant's extrajudicial confession show[ing] that the essential nature of the charged crime was committed by someone." *Id*. at 866.  "The other evidence need not be sufficient by itself to prove the offense: all that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence." *Harrell v. State*, No. 05-15-00133-CR, 2016 WL 865464, at * 3 (Tex. App.—Dallas March 7, 2016, no pet.) (mem. op.).  The DWI corpus delicti is that someone operated a motor vehicle in a public place while intoxicated. *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref'd).

The penal code does not define "operating" for the purposes of the DWI statute. *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995).  The court of criminal appeals, however, holds that a person operates a vehicle when the totality of the circumstances demonstrates that the person "took action to affect the functioning of his vehicle in a manner that would enable the

vehicle's use." *Id.*; *see also Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.).

Here, there is direct and circumstantial evidence—other than appellant's statement—from which a jury could infer that he was operating the vehicle in a public place while intoxicated. For example:

One, Chacon arrived at 2600 Worthington Street, a public place, after midnight and found appellant standing next to his car.

Two, Chacon found sufficient clues for present intoxication when he at that time performed HGN testing on appellant at the scene.

Three, a portable breath test also detected the presence of alcohol.

Four, the intoxilyzer test performed at the jail about an hour later showed alcohol concentrations in excess of the legal limit. Additionally, Officer Bobby Watkins, the officer administering the test, testified that appellant showed signs of intoxication.

Five, the owner of the vehicle appellant backed into was also present when Chacon arrived, and she told Chacon that she observed the accident and that appellant tried to drive away.

These additional pieces of evidence were collectively sufficient to establish the corpus delicti of DWI— that appellant operated a motor vehicle in a public place while intoxicated. *See Folk*, 797 S.W.2d at 144.

## C. Was there a temporal link between appellant's operation of the vehicle and his intoxication?

Appellant also contends that the evidence is insufficient because there is no temporal link between his intoxication and the operation of his vehicle. Specifically, appellant claims the link is absent because there was no evidence of the accident's timing.

For the evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between a defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). That is, the evidence must show that the defendant was intoxicated when he or she actually operated the vehicle. This link may be established by direct or circumstantial evidence. *See id.*

Here, the record contains sufficient evidence from which a juror could reasonably conclude that the required temporal connection existed here. Specifically, "Being intoxicated at the scene of a traffic accident in which the actor is a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference is even stronger when the accident is a one-car collision with an inanimate object." *Id.* at 462.

Moreover, although there must be some evidence beyond mere intoxication in a public place to establish operation, *see, e.g. King v. State*, 05-13-00178-CR, 2014 WL 2807993, at 7 (Tex. App.—Dallas June 18, 2014, no pet.) (mem. op.), there was such additional evidence here. For example, although the record does not include an exact time for the accident, Chacon testified that he arrived on the scene shortly after midnight, and appellant was standing next to his car. Appellant told him that he had backed into a parked car and had his last drink at around 9:00 p.m. Appellant was arrested at 1:11 a.m. The other car's owner, who saw the accident, was also present. From these facts, a reasonable juror could reasonably infer that the accident (and thus the driving) occurred after the last drink and shortly before Chacon arrived soon after midnight.

Furthermore, an intoxilyzer test showed that appellant's alcohol concentration was still above the legal limit at 2:07 a.m.—almost five hours after he consumed his last drink and two hours after Chacon arrived at the scene. Officer Watkins testified that appellant showed signs of intoxication at that time. And, another officer involved with the intoxilyzer test testified that a

–6–

person with the blood alcohol content appellant's test showed would not have normal use of his mental faculties to safely operate a motor vehicle. Thus, a rational jury could infer that appellant was intoxicated when he backed into the parked car between the hours of 9:00 p.m. and 12:00 a.m. and there was a temporal link between appellant's intoxication and his driving.

**D.**     **Was there evidence that appellant operated the vehicle in a public place?**

Finally, appellant maintains that the evidence is insufficient because there is no evidence that he operated his vehicle in a public place. Although he acknowledges that 2600 Worthington Street is a public place, he asserts that no witness testified that the accident actually occurred at this location.

While the evidence could have been more precise, the absence of precision does not render it insufficient. *See Washington v. State*, No. 14-10-00221-CR, 2011 WL 3276241, at *4 (Tex. App.—Houston [14th Dist.] Aug. 2, 2011 pet. ref'd) (mem. op.) (State did not need to show precise time of accident or of appellant driving as long as there was a temporal link between his intoxication and driving). And circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170.

Here, it is undisputed that the location where appellant was standing next to his vehicle is a public place. There is nothing to suggest that the accident occurred at another location. Thus, a reasonable jury could infer that the accident occurred on the public street where appellant and his car were found.

### III.   Conclusion

On this record, we conclude that the evidence is sufficient to support appellant's conviction.

We overrule appellant's sole issue and affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160167F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES BERNARD PACE, Appellant

No. 05-16-00167-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 2, Dallas County, Texas
Trial Court Cause No. MB14-58096-B.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 23, 2017.